GRAVES *v.* MINNESOTA.

ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 320.   Argued October 21, 1926.—Decided November 22, 1926.

1. The requirement of Minnesota Gen. Stats. 1923, §§ 5757–5763, that every applicant for a license to practice dentistry shall produce before the board of dental examiners " his diploma from some dental college of good standing," of which the board shall be the judge, does not violate the Fourteenth Amendment.   P. 426.

2. A State may, consistently with the Fourteenth Amendment, prescribe that only persons possessing the reasonably necessary qualifications of learning and skill shall practice medicine or dentistry. P. 427.

3. The State is primarily the judge of regulations required in the interest of public safety and welfare, and its police statutes may be declared unconstitutional only where they are arbitrary or unreasonable.   P. 428.

166 Minn. 496, affirmed.

ERROR to a judgment of the Supreme Court of Minnesota which affirmed the judgment of a municipal court sentencing Graves for practicing dentistry without a license.

*Mr. Russell C. Rosenquest*, with whom *Mr. Charles H. Graves, pro se*, was on the brief, for plaintiff in error.

*Messrs. Clifford L. Hilton*, Attorney General of Minnesota, and *James E. Markham*, Deputy Attorney General, were on the brief, for the State of Minnesota.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This case involves a single question relating to the constitutionality of the Minnesota statute regulating the practice of dentistry. Gen. Laws, 1889, c. 19, and amendments; embodied in Gen. Stats., 1923, §§ 5757–5763.

This statute prohibits the practice of dentistry by persons who have not been licensed by the board of dental examiners. Every applicant for a license is required to present himself for examination by the board and " produce his diploma from some dental college of good standing," of which the board shall be the judge, with satisfactory evidence showing his good moral character. The board shall then give him an examination to test thoroughly his fitness for practice; and, if he successfully passes this, shall register him as a licensed dentist.

Graves, the plaintiff in error, had applied for a license, but had been refused an examination by the board because he had no diploma from an accredited dental college. He was thereafter prosecuted in a municipal court for violating the statute by practicing dentistry without a license. He asserted his fitness to practice, and interposed a challenge to the constitutional validity of the statute. This was overruled, and he was found guilty and sentenced. The judgment was affirmed by the Su-

preme Court of the State, 166 Minn. 496; and the case is brought here by writ of error on the constitutional question.

The specific contention is that the requirement of the statute that an applicant for a license must present a diploma from an approved dental college before he can be examined by the board—which, in effect, limits the granting of licenses to persons having diplomas from dental colleges of good standing—is unreasonable, arbitrary and discriminatory, and violates the due process clause and other provisions of the Fourteenth Amendment.

It is well settled that a State may, consistently with the Fourteenth Amendment, prescribe that only persons possessing the reasonably necessary qualifications of learning and skill shall practise medicine or dentistry. *Dent* v. *West Virginia*, 129 U. S. 114, 122; *Douglas* v. *Noble*, 261 U. S. 165, 167. In the *Dent* case this Court said: "The power of the State to provide for the general welfare of its people authorizes it to prescribe all such regulations as, in its judgment, will secure or tend to secure them against the consequences of ignorance and incapacity as well as of deception and fraud. As one means to this end it has been the practice of different States, from time immemorial, to exact in many pursuits a certain degree of skill and learning upon which the community may confidently rely, their possession being generally ascertained upon an examination of parties by competent persons, or inferred from a certificate to them in the form of a diploma or license from an institution established for instruction on the subjects, scientific and otherwise, with which such pursuits have to deal. The nature and extent of the qualifications required must depend primarily upon the judgment of the State as to their necessity." (p. 122.)

In the *Douglas* case, which involved the constitutionality of a statute containing similar provisions to those of

the Minnesota statute, the validity of the provision that only persons having diplomas from a dental college should be eligible to examination for a license to practice dentistry, although not directly involved, was distinctly implied. The specific objection there was that the statute did not state in terms the scope and character of the examination to be made by the board of examiners, and therefore conferred upon it arbitrary power to grant or withhold licenses. But in answering this contention this Court said that the provision that the applicant must be a graduate of a reputable dental school and of good moral character, clearly indicated " the general standard of fitness and the character and scope of the examination "; and the constitutionality of the statute was sustained. (p. 167.)

By enacting the present statute the State has determined, through its legislative body, that to safeguard properly the public health it is necessary that no one be licensed to practice dentistry who does not hold a diploma from a dental college of good standing. That determination must be given great weight. Every presumption is to be indulged in favor of the validity of the statute. *Mugler* v. *Kansas*, 123 U. S. 623, 661. And the case is to be considered in the light of the principle that the State is primarily the judge of regulations required in the interest of public safety and welfare, and its police statutes may only be declared unconstitutional where they are arbitrary or unreasonable attempts to exercise the authority vested in it in the public interest. *Great Northern Ry. Co.* v. *Clara City*, 246 U. S. 434, 439; *Gitlow* v. *New York*, 268 U. S. 652, 668.

Clearly the fact that an applicant for a license holds a diploma from a reputable dental college has a direct and substantial relation to his qualification to practice dentistry. We cannot say that the State is acting arbitrarily or unreasonably when, in the exercise of its judgment, it

determines that the holding of such a diploma is a necessary qualification for the practice of dentistry; or that the distinction made in the granting of licenses between applicants who hold such diplomas and those who do not, is a classification which has no real or substantial basis. And the constitutionality of the statute must be sustained.

This conclusion is in harmony with the decisions in other state courts involving the constitutional validity of statutes regulating the practice of medicine or dentistry which contain similar or analogous provisions, as well as with the earlier Minnesota decisions. *In re Thompson*, 36 Wash. 377; *State* v. *Creditor*, 44 Kans. 565; *State* v. *Green*, 112 Ind. 462; *People* v. *Phippin*, 70 Mich. 6; *Ex Parte Spinney*, 10 Nev. 323; *State* v. *Vandersluis*, 42 Minn. 129; *State* v. *Graves*, 161 Minn. 422. And see *Hewitt* v. *Charier*, 16 Pick. (Mass.) 353; *Ex parte Whitley*, 144 Cal. 167; *Wert* v. *Clutter*, 37 Ohio St. 347; *Timmerman* v. *Morrison*, 14 Johns. (N. Y.) 369. And it is not in conflict with the decisions in *Smith* v. *Texas*, 233 U. S. 630, and *State* v. *Walker*, 48 Wash. 8, on which the plaintiff in error relies, which dealt with statutes attaching unreasonable and arbitrary requirements to the pursuit of the employments or trades of locomotive engineers and barbers. These manifestly involve very different considerations from those relating to such professions as dentistry, requiring a high degree of scientific learning.

The judgment is

*Affirmed.*