Dr. Luis Alberto Cedeño Santiago, Plaintiff and Appellant, *v.* Board of Dental Examiners, etc., Defendant and Appellee.

No. 11565.   Argued June 11, 1956.—Decided June 29, 1956.

*Santos P. Amadeo* and *Antonio J. Amadeo* for appellant. *José Trías Monge, Attorney General,* and *Omar Cancio Sifre, Assistant Attorney General,* for appellee.

Mr. Justice Marrero delivered the opinion of the Court.

Luis Alberto Cedeño Santiago filed in the Superior Court of Puerto Rico, San Juan Part, a petition for mandamus

against the Board of Dental Examiners because it refused to authorize him to take the examination for a license to practice dentistry, required by the law regulating the matter.[1] In answer to that petition the Board filed a "Motion to Dismiss or for Summary Judgment" to which it attached a certificate subscribed by its acting secretary to the effect that the University of Santo Domingo, where petitioner obtained his degree in dental surgery, is not and has never been recognized by the Board of Dental Examiners of Puerto Rico. The motion was set for a hearing and the Board introduced additional documentary evidence, consisting of several bulletins published by the Federal Veterans' Administration concerning foreign educational institutions approved by the Administration pursuant to the Veterans' Readjustment Act of 1944. The trial court granted defendant's motion. In rendering summary judgment to that effect, it held the following:

"On May 11, 1954, Luis Alberto Cedeño Santiago filed an amended petition for mandamus in which he alleges, in brief, that he is a graduate of the School of Dentistry of the University of Santo Domingo; that he studied in that University under the benefits granted by Federal Public Law No. 346 approved in 1944, as amended, known as the Veterans' Bill of Rights; that on September 1951, he asked the Board of Dental Examiners to permit him to take the examinations required in order to practice dentistry in Puerto Rico and that the Board refused; that he is entitled to be admitted to examination as provided by law because the Veterans' Administration recognized the University of Santo Domingo as an accredited institution, where the petitioner could study and obtain the title of dental surgeon and that such recognition on the part of the Veterans' Administration supersedes any statute or regulation in conflict therewith, and that the Board's action violates and is subversive of the congressional public policy.

"On May 26, 1954, the defendant Board filed a motion to dismiss or for summary judgment, in which it is alleged that

---

[1] See Act No. 75 of August 8, 1925 (p. 550) as amended by Act No. 274 of May 10, 1950 (p. 714), 20 L.P.R.A. § 81.

there is no genuine issue as to any material fact, which entitles it to summary judgment as a matter of law.

"Defendant's contention is that the petitioner is not a graduate of a school or university accredited by the Board of Dental Examiners and in support of such contention it attached to its motion, and made it a part thereof, a certificate issued by the Secretary of the Board of Dental Examiners to the effect that the University of Santo Domingo is not and has never been recognized by the Board of Dental Examiners.

"At the hearing of the motion filed by the defendant it introduced, as documentary evidence, without plaintiff's objection, three certified copies of an official publication of the Federal Veterans' Administration entitled 'Foreign Educational Institutions,' which, insofar as pertinent, reads as follows:

'Professional Fields of Study. Admission to the practice of medicine, dentistry, veterinary science, architecture, law, and some other professional callings, is ordinarily subject to rigid regulation by the State in which the individual expects to practice. As many of the States impose severe restrictions on graduates of professional schools in foreign countries other than Canada, veterans seeking to enroll for such courses in any foreign institution should take the precaution of checking in advance with the appropriate State Examining Board. The Veterans' Administration can assume no responsibility in this regard.'

"Plaintiff filed no objection to the motion for summary judgment, and presented no affidavit or any other evidence in opposition to the defendant's documentary evidence.

" .    .    .    .    .    .    .    .

"The Act regulating the practice of dental surgery in Puerto Rico—Act No. 75 of August 8, 1925,—as amended by Act No. 274 of 1950 (Sess. Laws, p. 714), and § 6 of the Regulation of the Board of Dental Examiners, read, insofar as pertinent, as follows:

'Section 9 (Act No. 75 of 1925, as amended by Act No. 274 of 1950.)

'1.— .    .    .    .    .    .    .    .

'2.— .    .    .    .    .    .    .    .

'3.— .    .    .    .    .    .    .    .

'4.— Produce a diploma or certificate from the University or accredited college from which he was graduated as dental surgeon; *Provided,* that the

Board of Dental Examiners is hereby authorized to determine which university or accredited college shall be considered satisfactory. . . .'

'Section 6 of the Regulation:

'Every applicant shall prove, to the satisfaction of the Board, that he is a graduate of a University or accredited college . . . .'

"From the pleadings and the documentary evidence of the record, it appears that the defendant Board is not bound by law to admit plaintiff to examination because he does not meet the requirements provided in § 9 of the Act, there being no genuine issue as to the material facts in the case at bar for the following reasons:

"1. Plaintiff is a graduate of the School of Dentistry of the Universitly of Santo Domingo.

"2. The University of Santo Domingo is not and has never been recognized by the Board of Dental Examiners.

"3. The Board of Dental Examiners is authorized by law to determine which are the accredited universities or colleges, determination which shall be based on a number of minimum requirements.

"4. The Board of Dental Examiners could not admit plaintiff to the examination provided by law until the University of Santo Domingo is accredited by the Board.

"5. The practice of dental surgery is not a right to which any individual is entitled; it is subordinate to the exercise of the police power to preserve and to protect the health of the community.

"6. The State may, in the proper exercise of its police power, regulate the practice of dental surgery.

"7. The Veterans' Administration lacks legal authority to recognize or accredit colleges or universities, and it cannot authorize a person to practice a specific profession merely because he is a veteran, for it is unable to exercise direct or indirect control over the educational agencies of the State.

"8. The plaintiff is not entitled to be admitted to the examination provided by law, because he does not meet the minimum requirements of the dental law in force since the university where he obtained his academic degree is not one duly accredited by the Board of Dental Examiners and the fact

that he has studied under the benefits of the Veterans' Federal Law in no way gives him the required legal standing to be examined.

"Since there is no genuine controversy as to the facts in the case at bar, a summary judgment is proper and, therefore, judgment is rendered sustaining the defendant's motion and consequently, plaintiff's petition is dismissed without special award of costs or attorney's fees."

██ On appeal the petitioner only contends that "the trial court erred in granting defendant's motion, since the petition filed by petitioner states facts sufficient to constitute a cause of action under Art. VI, Par. 2, of the United States Constitution, of the Federal Act establishing the Bill of Rights for the American Veteran and the Regulation of the Veterans' Administration authorizing petitioner to study and obtain the title of Doctor in Dental Surgery in the University of Santo Domingo." We do not agree. We held in *Alonso v. Board of Medical Examiners*, 74 P.R.R. 148, 153: "The practice of medicine and surgery is not a natural right to which any individual is entitled but rather subordinate to the exercise of the police power to preserve and to protect the health of the community." The same holds in connection with the practice of dental surgery. *Cf. Graves v. Minnesota*, 71 L. Ed. 331.

Our Act—No. 75, *supra*—regulated the dental practice, providing in a clear and positive manner in § 9 that:

"Every person desiring to practice dental surgery in Porto Rico and who is not yet authorized to do so, shall fulfill before the Board of Dental Examiners, the following requisites:

".    ¨    .    .    .    .    .    .

"4. *Produce a diploma or certificate from the university or accredited college from which he was graduated as a dental surgeon;* . . . ." (Italics ours.)

According to the certification attached to the motion for summary judgment, the University of Santo Domingo is not an institution accredited by the Board for the teaching of

the aforesaid profession. Furthermore, the petitioner has in no way convinced us that the fact that the Veterans' Administration authorized him to study in that institution,[2] implies that, notwithstanding what has been expressly provided by our law, the Board of Dental Examiners is bound to admit him to examination.

■ On the other hand, we have already said that the defendant Board attached to its motion for summary judgment a certificate signed by its acting secretary, establishing the aforementioned particular. We have also pointed out that during the hearing of the motion the Board introduced, in support thereof, other documentary evidence. The petitioner raised no objection to the motion for summary judgment. Neither did he offer affidavits or evidence of any other kind in opposition to defendant's documentary evidence. This by itself was sufficient to grant the motion and render summary judgment for defendant. We can repeat here what we said in *Sánchez* v. *De Choudéns*, 76 P.R.R. 1, 9:

"We agree . . . with the opinion of the courts and text writers last mentioned to the effect that where summary judgment supported by affidavits or documents admissible in evidence is sought, and the opposite party does nothing and takes no action to defeat that motion, the latter should be granted provided the affidavits or other papers filed show that there

---

[2] In the third paragraph of two of the bulletins offered in evidence by the Board, with respect to the foreign educational institutions, approved by the Veterans' Administration under the Veterans' Readjustment Act of 1944, it is set forth conclusively that: "It is the personal responsibility of the veteran to select an approved institution offering the course he has decided to pursue." Furthermore, in the paragraph cited in the opinion of the trial court from the text "American Law of Veterans" all veterans intending to study abroad are warned that: ". . . veterans seeking to enroll for such courses [medicine, dentistry, veterinary science, architecture, law, etc.] in any foreign institution should take the precaution of checking in advance with the appropriate State Examining Board." Apparently, the petitioner here failed to make any such investigation before the Board of Dental Examiners of Puerto Rico.

is no issue whatever on any material fact. Any other interpretation would render the summary judgment procedure a dead letter. As stated by Judge Clark of the United States Circuit Court of Appeals for the Second Circuit in his article published in 36 Minn. L. Rev. 567, 577, 'The intention of the rule is that the person addressed must repel the attack by equally precise disclosure of the merits of the case.'"

The judgment appealed from will be affirmed.

Mr. Justice Pérez Pimentel did not participate herein.