**Dominic M. LOMBARDI, Plaintiff-Appellant,**

v.

**G. Joseph TAURO et al., Defendants-Appellees.**

**No. 72–1289.**

United States Court of Appeals, First Circuit.

Heard Nov. 8, 1972.

Decided Dec. 15, 1972.

Robert W. Hagopian, Wrentham, Mass., for appellant.

Lawrence T. Bench, Asst. Atty. Gen. with whom Robert H. Quinn, Atty. Gen. and Walter H. Mayo, III, Asst. Atty. Gen., were on brief, for appellees.

Before ALDRICH, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

This appeal from the dismissal of a Civil Rights action brought under 42 U. S.C. § 1983 involves the constitutional validity of certain Massachusetts rules, statutes, and constitutional provisions regulating admissions to the bar. The provision most directly in question is Rule 3:01(3)(b) of the Supreme Judicial Court, which requires that all candidates for admission to the Massachusetts bar be graduates of a qualified law school.[1] Appellant, Dominic M. Lombardi, has completed all course requirements at Western New England Law School, which is considered "qualified" by Massachusetts, but cannot receive a diploma from that institution because his prelegal education, although sufficient to meet the state's prerequisites for admission to the bar, does not satisfy Western New England's degree requirements.[2] On this state of facts,

1. A qualified law school, as defined by Rule 3:01(3)(b), is one which is either (1) authorized by statute of the Commonwealth to grant the degree of bachelor of laws or juris doctor; (2) approved by the American Bar Association; or (3) found by the board of bar examiners to conduct its curriculum in such a manner and with such courses and standards as to prepare a graduate for the general practice of law in Massachusetts.

2. Rule 3:01(3)(a) of the Supreme Judicial Court in relevant part provides:

"Every such applicant (for admission to the bar) . . . shall have completed the work accepted for a bachelor's degree in a college approved by the board or otherwise have received an education equivalent thereto in its opinion; provided, however, that this requirement of college study shall not apply to applicants who began the study of law in a

Lombardi petitioned the Supreme Judicial Court for permission to take the bar examination notwithstanding his failure to meet the requirements of Rule 3:01(3)(b). While the court's final decision on his petition was pending, Lombardi was twice allowed to take the examination provisionally. He failed to pass on both occasions, and his petition was subsequently dismissed. The court's dismissal of his petition had the effect of barring him from retaking the examination, although Massachusetts places no limitation on the number of times a qualified applicant may be examined. Lombardi brought the present action to have Rule 3:01(3)(b) declared unconstitutional.[3] The district court dismissed his complaint, and we affirm.

■■■ Appellant's first, and most important, argument is that Rule 3:01(3)(b) violates the equal protection clause of the fourteenth amendment, both on its face and as applied to him. We find appellant's contentions as to the facial invalidity of the rule to be wholly untenable. There can be no doubt that a state may regulate an occupation affecting the public interest by establishing qualifications which are reasonably related to insuring the competency of its practitioners. Dent v. West Virginia, 129 U.S. 114, 9 S.Ct. 231, 32 L.Ed. 623 (1889). While conceding the general validity of this proposition, appellant maintains that competency in law may be achieved without the benefits of a formal legal education, and that a would-be lawyer's professional attainments may be adequately tested by examination. He argues, therefore, that the educational requirements of Rule

3:01(3)(b) create an arbitrary classification which is unrelated to the state's interest in the competency of its attorneys. In considering a similar argument in Graves v. Minnesota, 272 U.S. 425, 428, 47 S.Ct. 122, 123, 71 L.Ed. 331 (1926), the Supreme Court held that the possession of a "diploma from a reputable dental college has a direct and substantial relation to [an applicant's] qualification to practice dentistry." Appellant seeks to distinguish *Graves* by arguing that professions such as dentistry and medicine require a high degree of scientific and clinical knowledge which can only be achieved by means of a formal education, whereas competency in law may be acquired through wholly independent study. We do not find this argument to be persuasive, however. While it is undoubtedly true that many of the diagnostic and other skills of a physician or dentist may be acquired only through practical clinical instruction, a good lawyer must also possess much more than merely abstract knowledge. He must be skilled in legal research and writing, and may often be required to present his arguments convincingly in court. While it is of course possible to develop a very high degree of proficiency in these skills without ever having attended law school, we cannot say that a state acts irrationally when it seeks to insure that an attorney will have been exposed to such matters before he undertakes the actual representation of clients. Since we find nothing arbitrary in the Supreme Judicial Court's requirement that attorneys in Massachusetts have a formal legal education, we must uphold the validity of Rule 3:01(3)(b).[4] *See* Dent v. West

law school prior to September 1, 1966, for whom the requirement shall be one-half of the work required for a bachelor's degree (or equivalent)."

Lombardi has completed two years of college, and since he began his legal education prior to September 1, 1966, his undergraduate work satisfies the state requirement. Western New England Law School, however, requires its degree recipients to be college graduates.

3. Appellant also challenges the constitutional validity of Art. 30 of the Constitution of Massachusetts, and Massachusetts General Laws, ch. 221, §§ 37 and 46a claiming that they constitute an improper delegation of legislative power to the judiciary.

4. Appellant urges us to hold that the pursuit of one's chosen occupation is a "fundamental right," and that Rule 3:01

Virginia, *supra*, 129 U.S. at 122, 9 S.Ct. 231.

■ ■ Appellant's challenge to the rule as applied to him is admittedly more troublesome. It is undisputed that he has completed all course requirements at Western New England Law School, and that his undergraduate education fulfills the requirements of Supreme Judicial Court Rule 3:01(3)(a).[5] Western New England, however, requires that its degree recipients possess a college diploma, and appellant has thus been unable to graduate from that institution. He therefore argues that his nonfulfillment of Rule 3:01(3)(b) is purely technical; that his actual educational attainments adequately serve Massachusetts' interest in the competency of its bar; and that the state's refusal to allow him to be examined for admission is therefore arbitrary and in violation of the equal protection clause of the fourteenth amendment. While we are not entirely unsympathetic to appellant's predicament, we cannot agree that the situation before us rises to the level of a fourteenth amendment violation. Massachusetts has chosen to require that candidates for admission to its bar be law school graduates, and as we hold above, this requirement is rationally related to the achievement of a legitimate state objective. While the Massachusetts rule inevitably causes private law schools to become affected with "state action" to

some degree, the federal courts do not thereby become arbiters of educational policy, a task for which they would be particularly ill-suited. It is far from uncommon for law schools to have degree requirements which differ in some particulars, and absent a clear lack of connection with educationally relevant criteria, we will not involve ourselves in supervising the rationality of these requirements. Moreover, there is nothing in the record to indicate that appellant could not graduate from Western New England and thus meet the requirements of Rule 3:01(3)(b) by completing the work necessary to receive a college diploma. Since the obstacles standing between appellant and his career objectives may be surmounted by "reasonable study or application," Dent v. West Virginia, *supra*, 129 U.S. at 122, 9 S.Ct. 231, he cannot complain that he has been deprived of his right to pursue a lawful vocation.

■ Finally, there is no merit in appellant's argument that the promulgation of Rule 3:01(3)(b) constitutes the exercise of an illegally delegated legislative power by the judiciary. The division of powers among the various branches of a state government does not present an issue of federal constitutional law. Highland Farms Dairy, Inc. v. Agnew, 300 U.S. 608, 612, 57 S.Ct. 549, 81 L.Ed. 835 (1937).

Affirmed.

---

(3)(b) must therefore pass scrutiny under the "compelling state interest" test. *See, e. g.,* Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). The Supreme Court has, however, applied the traditional fourteenth amendment test in closely analogous situations, *see* Williamson v. Lee Optical Co., 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955) ; Kotch v. Board of River Port Pilot Comm'rs, 330

U.S. 552, 67 S.Ct. 910, 91 L.Ed. 1093 (1947). Moreover, for the reason persuasively set forth by Mr. Justice Harlan in his dissent in Shapiro v. Thompson, *supra*, 394 U.S. at 660–662, 89 S.Ct. 1322, we are most hesitant to expand the category of "fundamental rights" beyond those which clearly have a constitutional underpinning.

5. *See* note 2 *supra.*