Lisandro **RIVERA** et al.,
Plaintiffs, Appellees,

v.

Antonio Gonzalez **CHAPEL** et al.,
Defendants, Appellants,

Puerto Rico Farmers Association,
Intervenor.

Lisandro **RIVERA** et al.,
Plaintiffs, Appellants,

v.

Antonio Gonzalez **CHAPEL** et al.,
Defendants, Appellees,

Puerto Rico Farmers Association,
Intervenor.

Nos. 74–1002, 74–1003.

United States Court of Appeals,
First Circuit.

Argued Feb. 4, 1974.

Decided March 29, 1974.

Peter Ortiz, Deputy Sol. Gen., with whom Miriam Naveira De Rodom, San Juan, P. R. was on memorandum, for Antonio Gonzalez Chapel, and others.

Pedro J. Varela, Hato Rey, P. R., for Lisandro Rivera, and others.

Before COFFIN, Chief Judge, Mc-ENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

Plaintiffs are consumers of milk who, invoking 42 U.S.C. § 1983, challenged a Commonwealth-wide milk regulation (Milk Regulation I) which established a price increase in Puerto Rican milk and an automatic formula for basing monthly adjustments of price upon the price of animal feed. Plaintiffs obtained an injunction against the continuation of the system but failed to get a roll back in prices. Hence their appeal. Defendants, the Secretary of Agriculture and the Administrator of the Office of Milk Industry Regulation, appeal from the issuance of the injunction. We find it necessary to deal only with the latter.

The Milk Industry Regulation Act, Title 5 L.P.R.A. § 1092 et seq., confers upon the Administrator of the Milk Industry the power, after public hearings, to set milk prices and to regulate the milk industry in order to "protect the production and distribution of milk." Before amending the questioned regulation, the Administrator held public hearings, at which the consumers were represented. After the hearings, he established a permanent increase of three cents a quart and imposed a formula on which to base monthly adjustments in price. This formula provided a mechanism for automatic change in the price of fresh milk in direct relation to the changes that the Secretary of the Department of Consumer Affairs would adopt for the price of animal feed.

The plaintiffs alleged that defendants exceeded their powers under the statute in allowing another agency in effect to bring about changes in the price of milk by determinations of the price of animal feed; that they violated another statute in not holding public hearings before amending Regulation I; that prices would rise without any intervention of defendants, contrary to the milk control statute; that the defendants did not consider all relevant factors, consult with an Advisory Board, or make findings of fact as required by the statute; that they did not file the amendment with the Puerto Rican Department of State as mandated by statute; that their action was arbitrary and confiscatory under the Fifth and Fourteenth Amendments; and that the regulation constituted a denial of equal protection.

The district court, after finding standing, and rejecting the defenses of non-exhaustion and abstention, held that while defendants had not acted arbitrarily, they had exceeded the statute in unlawfully delegating the power to fix milk prices and in allowing changes in price to be put into effect without prior public hearing.

The district judge, acting singly, did not convene a three-judge court—indeed none was requested—but considered the state claims which were pendent without reaching the federal claims raised. In order to support this approach, a preliminary determination must necessarily have been made that here was a substantial federal claim at issue which warranted the exercise of federal jurisdiction to consider the pendent claims. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Plaintiffs, in their brief in this court, have gone no further than to "contend that defendants have not complied with the statute in question, and their constitutional and statutory rights were thereby violated."

We are unable to extract a federal question from the ore of plaintiffs' allegations. As for the charge of impermissible delegation, even if it were delegation by the legislature, such would not be cognizable in federal court. Lombardi v. Tauro, 470 F.2d 798, 801 (1st Cir. 1972). In fact, it is a charge of excessive delegation by the Administrator, a matter solely for the Puerto Rican courts. As for the charge that the regulation was amended, contrary to a statute, without public hearings, such a violation would again be one of local law. Were this not so, every state agency

could be hailed into federal court for violating a state administrative procedures act.

 A similar allegation was made that the regulation, by removing the Administrator from participation in the automatic monthly price changes constituted a denial of due process. But it is only the statute which creates a right to such hearings. The consumers have established no property interest which can be protected by the Taking Clause of the Constitution. All price regulation which results in upward adjustments may be seen as reducing the potential purchasing power of the consumer. Potential purchasing power is not the kind of "property" which has been traditionally protected by this kind of procedural safeguard. Insofar as the Administrator is only a delegate of the legislature, the popular voice has theoretically already been considered. To require hearing prior to every price regulation by the legislature (as its delegate) would be to hamstring completely normal legislative processes. The Supreme Court has consistently upheld administrative and legislative authority to fix prices and rates. E. g., Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944); United States v. Rock Royal Co-op, 307 U.S. 533, 59 S.Ct. 993, 83 L.Ed. 1446 (1939).

 Plaintiffs' equal protection claim fares no better. The Constitution does not require that the legislative power be exercised only after all the possible interests of those affected have been reflected into the legislators' decision. "[T]he Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective." McGowan v. Maryland, 366 U.S. 420, 425, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1960). The legislative goal in this case is the protection of the production and distribution of milk. It cannot be said

that the establishment of a price increase or of a base formula for future increases are irrational means of achieving this goal.

The remaining claims are that the failure to consult with an Advisory Board, to make findings of fact, and to file the amended regulation with the Puerto Rican Department of State, all in violation of statutes, swell somehow to constitutional dimensions. Our vision is poorer than plaintiffs', for we are unable to see any claims that can be said to be substantial. Goosby v. Osser, 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973).

Judgment vacated; remanded with instructions to dismiss the complaint.