Frances HENSON, Appellant,

v.

UNIVERSITY OF ARKANSAS et al., Appellees.

No. 74–1943.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1975.

Decided Aug. 5, 1975.

John T. Harmon, North Little Rock, Ark., for appellant.

Richard L. Mays, Little Rock, Ark., for appellees.

Ray Trammell, Fayetteville, Ark., filed brief for appellee, University of Ark.

Before LAY, HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

This appeal is taken from the district court's [1] dismissal after a full evidentiary hearing of an action brought by a white female against the University of Arkansas School of Law. It was alleged by the plaintiff below that the law school's "affirmative action" policies with regard to admission of minority students deprived her of equal protection of the law inasmuch as she was denied admission to the school while minority students with lesser academic qualifications were admitted. We affirm the district court's dismissal.

In the spring of 1974, Frances Henson, a white female resident of Arkansas, applied for admission to the Little Rock Division of the University of Arkansas School of Law. In August of 1974 her application was denied. This action was filed in September on behalf of Mrs. Henson individually.[2] The complaint charged that the law school's adherence to an admission policy which admitted minority applicants with lower grades and LSAT scores than hers was in violation of her right to equal protection as guaranteed by the fourteenth amend-

1. The Honorable J. Smith Henley, United States District Judge for the Eastern District of Arkansas.

2. The original complaint named as sole defendant the University of Arkansas. When the University's answer questioned the federal court's jurisdiction over the school inasmuch as it was a wholly owned and operated institution of the state, a hearing was held and the complaint amended to include the names of the individual members of the law school admission committee.

ment.[3] She sought declaratory relief to that effect and further asked that the law school be enjoined from refusing her admission.

At a hearing on September 14, 1974 appellant Henson presented evidence in an attempt to obtain a temporary restraining order for the purpose of gaining admission to the already-commenced fall session at the law school. Appellant, the dean and assistant dean of the law school, and the chairman of the admission committee testified. Preliminary relief was not granted. No further hearing was held by the district court prior to the entry of the dismissal order appealed from here. However, attorneys for appellant concede that they presented their entire case at the TRO hearing.

On November 12, 1974 the district court dismissed the action stating, in an unpublished memorandum opinion, that appellant Henson had not shown that she had been injured by the complained of admission policy. The court found no substantial evidence to suggest that Henson would have been admitted to the law school if the school had not admitted black applicants with lower grades and LSAT scores. We find no evidence in the record that convinces us that the district court's finding of fact in this regard was incorrect.

The focal point of appellant's complaint is the policy statement pursuant to which the law school admitted prospective students for the fall, 1974 class. Initially, each applicant's "prediction index" was computed by multiplying the undergraduate grade point average by 200 and adding the applicant's LSAT score. The great majority of the class was admitted on the basis of index scores alone. The lowest prediction index of any student admitted under this category was 1049. Appellant Henson's index score was 962. She does not contend that this use of prediction indexes constituted a violation of her rights.

Under category two any Arkansas resident whose index score was no more than 100 points below the lowest index of any of the category one admittees was given "individualized consideration" by the admission committee. Under this category the committee was directed to consider "all factors which seem relevant in measuring how successful the applicant would be in law school and thereafter." Appellant was one of 33 persons given such consideration. Of that number, 18 received one or more votes for admission by the admission committee members in the first round of admission balloting. Five of these people were eventually admitted. Appellant and 14 other people received no votes for admission and were not given consideration after the first ballot.

The final category for admission under the policy statement was reserved for "each minority applicant" not admitted under the first two categories. The admission committee, in its discretion, could admit any such applicant whom it felt had a "reasonable likelihood" of success in law school. At the September 14 hearing the dean of the law school acknowledged that the primary reason for this final category was to increase the number of black attorneys in Arkansas. Five black applicants were admitted under this category for the entering class at Little Rock in 1974. All of them had index scores lower than appellant Henson's. It is the preferential treatment of those individuals that forms the basis of appellant's complaint.

In analyzing appellant Henson's claims the district court employed the following rationale:

> Since plaintiff brought this suit as an individual and not as a class action it is incumbent upon her, in the Court's

---

**3.** The district court's memorandum opinion noted that Henson's initial complaint sought relief on the additional basis that the law school's admission policies were discriminato- ry against women. The district court found this contention to be "plainly insubstantial." This argument has not been raised on appeal.

estimation, to establish more than an abstract unconstitutionality of the policy or policies of which she complains. She must go further and show by a preponderance of the evidence that she as an individual has been affected adversely by the policies or by their application to her. In other words, plaintiff must show not only that the policies in question are invidiously discriminatory but also that it was the application of those policies to her that kept her out of Law School, and that but for those policies she would have been admitted as a Category 2 applicant.

Unpublished memorandum opinion at 6 (footnote omitted).

Applying this standard to the facts before it the district court concluded that Henson was not prejudiced by the program of minority admissions nor was her failure to be admitted a result of admitting black students under category three. Accordingly, the complaint was dismissed.

The essence of appellant's claim before this court is that the district court was incorrect in finding as a matter of fact that she was not injured by the law school's minority preference admission system. In a non-jury case such as this one, this court on appeal is without authority to conduct a *de novo* review. Unless found to be clearly erroneous, the district court's findings of fact cannot be disturbed. F.R.Civ.P. 52(a). *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 123, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969); *Moorhead Construction Co. v. City of Grand Forks,* 508 F.2d 1008, 1012 (8th Cir. 1975). The burden is on the complaining party to "clearly demonstrate error in the court's findings." *Snodgrass v. Nelson,* 503 F.2d 94, 96 (8th Cir. 1974). We have examined very carefully the briefs, record, and the district court's opinion. The burden of proving that the findings in the instant case are clearly erroneous has not been met.

Affirmed.