**Geoffrey OSTROFF, Plaintiff,**

v.

**The NEW JERSEY SUPREME COURT et al., Defendants.**

**Civ. A. No. 75–1396.**

United States District Court,
D. New Jersey.

June 23, 1976.

Appell, Forman & Howard, by Jerome J. Forman, Browns Mills, N. J., for plaintiff.

William F. Hyland, Atty. Gen., N. J., Trenton, N. J., by Michael S. Bokar, Deputy Atty. Gen., for defendants.

Before: HUNTER, Circuit Judge, WHIPPLE, Chief District Judge, and FISHER, District Judge.

## OPINION

CLARKSON S. FISHER, District Judge.

The Court faces a constitutional challenge to a New Jersey Court Rule which requires, *inter alia*, graduation from an accredited college as one prerequisite to taking the New Jersey Bar Examination.[1] Plaintiff has instituted this action pursuant

---

1. New Jersey Court Rule 1:24–2 states in part: No person shall be admitted to the bar examination unless he first presents to the Board, in a manner prescribed by its rules:

   \* \* \* \* \* \*

   (b) Satisfactory evidence that before entering law school, he completed ¾ths of a 4-year course of study leading to a bachelor's degree at a college or university, which is a member of or accredited by North Central Association of Colleges and Secondary Schools . . . .

to 42 U.S.C. § 1983 seeking declaratory and injunctive relief.[2] Subject matter jurisdiction is present under 28 U.S.C. § 1343 and, this being an action to enjoin as unconstitutional a court rule of statewide application, a three-judge district court has been convened pursuant to 28 U.S.C. § 2281 and § 2284. The matter is before this Court on cross-motions for summary judgment.

In June of 1969, plaintiff graduated from John F. Kennedy College in Wahoo, Nebraska. The college was not then, nor is it now, accredited by the North Central Association of Colleges and Secondary Schools. After taking the Law School Admission Test (L.S.A.T.), plaintiff applied to and was accepted by the University of Nebraska College of Law. He attended the A.B.A. accredited Law School until May of 1972 when he received his J. D. degree.

In January 1973, the plaintiff was advised that he would not be issued a qualifying certificate enabling him to sit for the New Jersey Bar Examination, because he had not met the requirement set forth in New Jersey Court Rule 1:24–2(b). Plaintiff then requested the State Board of Bar Examiners waive this Rule—a request which was denied in February 1973.[3] In September of 1974 plaintiff made another request for waiver of the Rule and was again denied.[4] Plaintiff subsequently filed this suit challenging the constitutionality of the aforesaid Rule.

■ It is initially argued that Rule 1:24–2(b) invidiously discriminates against those persons who are graduates of accredited law schools but not graduates of accredited undergraduate institutions and, therefore, violates the equal protection clause of the Fourteenth Amendment to the United States Constitution. Quite clearly

the practice of law is not a matter of grace, ". . . but of right for one who is qualified by his learning and his moral character". *Baird v. State Bar of Arizona*, 401 U.S. 1, 8, 91 S.Ct. 702, 707, 27 L.Ed.2d 639 (1971), citing *Schware v. Board of Bar Examiners*, 353 U.S. 232, 239, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957). This "right", however, has never been among those held to be "fundamental" under the Constitution, nor do any of the cases suggest that it should be. See, *Williamson v. Lee Optical*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955); *Kotch v. Board of River Port Pilot Commissioners*, 330 U.S. 552, 67 S.Ct. 910, 91 L.Ed. 1093 (1947). In his brief, plaintiff asserts that the classification of those persons who have graduated from an accredited law school but not from an accredited undergraduate school is a "suspect classification" and relies on *In Re Griffiths*, 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1971). In that case, however, the state court rule required candidates for the state bar examination to be citizens of the United States. In striking down the rule, the Supreme Court found that the bar admission standard made explicit use of a classification based on alienage which was inherently suspect. *Id.*, at 725, 93 S.Ct. 2851. There is no such criterion in the instant case. Thus, the Rule does not come under strict scrutiny requiring the state to show a compelling interest. The equal protection inquiry does not end here, however.

It is well settled:

". . . that the States have a compelling interest in the practice of professions within their boundaries, and that as part of their power to protect the public health, safety, and other valid interests they have broad power to establish stan-

---

**2.** The New Jersey Supreme Court is not a "person" under 42 U.S.C. § 1983. *Zuckerman v. Appellate Div., Second Dept., Supreme Court of State of N. Y.*, 421 F.2d 625 (2d Cir. 1970); *Harris v. Louisiana State Supreme Court*, 334 F.Supp. 1289 (D.C.La.1971); *Quadra v. Superior Court of City and County of San Francisco*, 378 F.Supp. 605 (D.C.Cal.1974). Since plaintiff has named the individual justices of that court, however, this technical point need not give us pause.

**3.** In late February 1973, the plaintiff sat for the bar examination in the Commonwealth of Pennsylvania which had waived a prerequisite similar to the one in issue here. Plaintiff was admitted to the Pennsylvania Bar in May of 1973.

**4.** Plaintiff is presently attending another unaccredited undergraduate institution.

dards for licensing practitioners . . . * * * The ·interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.' "

*Goldfarb v. Virginia State Bar,* 421 U.S. 773, 792, 95 S.Ct. 2004, 2016, 44 L.Ed.2d 572 (1975). More specifically, it is clear that the states have a substantial interest in requiring *high standards* of qualification for those admitted to the practice of law. *In Re Griffiths, supra,* 413 U.S. at 725, 93 S.Ct. 2851; *Schware, supra,* 353 U.S. at 239, 77 S.Ct. 752 at 756. The only constitutional requirement is that the standards or qualifications ". . . must have a rational connection with the applicant's fitness or capacity to practice law". *Id.*

■ It is clear to this court that the state has a rational basis for a requirement that applicants for admission to the state bar be graduates of a law school approved by the American Bar Association. *Potter v. New Jersey Supreme Court,* 403 F.Supp. 1036 (D.N.J.1975) (three-judge court); *Rossiter v. Law Committee etc., et al.,* Civil No. C–4767 (D.Colo. Aug. 26, 1975); *Lombardi v. Tauro,* 470 F.2d 798 (1st Cir. 1972), *cert. denied,* 412 U.S. 919, 93 S.Ct. 2734, 37 L.Ed.2d 145 (1972). While the basis for the requirement set forth in Rule 1:24–2(b) is not as compelling as the prerequisite referred to above, this Court will not second guess the wisdom of the New Jersey Supreme Court in promulgating it. Under any of the descriptions of rationality heretofore used by courts, see generally, *Schilb v. Kuebel,* 404 U.S. 357, 364, 92 S.Ct. 479, 30 L.Ed.2d 502 (1971) and the cases cited therein, we cannot say that there is a clear lack of connection between the Rule and the plaintiff's fitness or capacity to practice law. The Rule is not invidiously discriminatory and does not violate the equal protection clause of the Fourteenth Amendment.

■ The plaintiff next argues that the operation of Rule 1:24–2(b) is contrary to the due process clause of the Fourteenth Amendment in that the Rule conclusively presumes that candidates who attended non-accredited undergraduate colleges are unqualified for admission to the Bar. Whether the plaintiff has a sufficient "property" or "liberty" interest to assert his due process claim need not detain us, for this Court concludes that due process has been satisfied. As the court stated in *Rossiter, supra*:

> Were we to label these requirements as unconstitutional 'presumptions' we would strip the . . . Supreme Court and the Board of Law Examiners of all authority to establish requirements for admission to the bar and abolish all semblance of objective criteria. This we will not do." ,

*Accord, Potter, supra* ; *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).

■ Finally the plaintiff contends that the defendants by promulgating and enforcing Rule 1:24–2(b) have made an unconstitutional delegation of power to the North Central Accrediting Association, a private organization. This assertion is without merit.

> "The division of powers among the various branches of a state government does not present an issue of federal constitutional law. *Highland Farms Dairy, Inc. v. Agnew,* 300 U.S. 608, 612, 57 S.Ct. 549, 81 L.Ed. 835 (1937)."

*Lombardi v. Tauro, supra* at 801; *Potter, supra* at 1039.

For the foregoing reasons, plaintiff's motion for summary judgment is denied and defendants' motion for summary judgment is granted.

Submit an order.