**William L. DONNELLY, Plaintiff, Appellant,**

v.

**BOSTON COLLEGE et al., Defendants, Appellees.**

**No. 77–1084.**

United States Court of Appeals, First Circuit.

Submitted May 4, 1977.

Decided July 18, 1977.

William L. Donnelly pro se.

John M. Harrington, Jr., George Marshall Moriarty, John H. Mason and Ropes & Gray, Boston, Mass., on brief for Harvard University et al.

Philip Burling, Scott C. Moriearty, Richard W. Benka, Foley, Hoag & Eliot, and Henry Paul Monaghan, Boston, Mass., on briefs for Suffolk University and Boston College et al.

Harold Hestnes, William H. Baker and Hale & Dorr, Boston, Mass., on brief for Boston University et al.

Robert D. City and Moulton & Looney, Boston, Mass., on brief for New England School of Law.

Francis X. Bellotti, Atty. Gen., and Terry Jean Seligmann, Asst. Atty. Gen., on brief for the Honorable G. Joseph Tauro and his successor, the Honorable Edward F. Hennessey.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and DOOLING *, District Judge.

PER CURIAM.

Plaintiff William L. Donnelly instituted this action to obtain relief from five Boston law schools for their allegedly unlawful refusal to grant him admission to study law and from the Chief Justice of the Massachusetts Supreme Judicial Court for his alleged enforcement against plaintiff of Supreme Court Rule 3:01, which requires applicants for admission to the Massachusetts bar to have graduated from a qualified law school. The district court dismissed the claim against the Chief Justice and entered summary judgment in favor of the five law schools. We affirm.

█ Assuming arguendo that there is a ripe controversy between plaintiff and the Chief Justice, *Lombardi v. Tauro*, 470 F.2d 798 (1st Cir.), *cert. denied*, 412 U.S. 919, 93 S.Ct. 2734, 37 L.Ed.2d 135 (1972), disposes of plaintiff's contention that Rule 3:01 violates his Fourteenth Amendment rights. *See* 470 F.2d at 800. *See also Dent v. West Virginia*, 129 U.S. 114, 9 S.Ct. 231, 32 L.Ed. 623 (1889); *Hackin v. Lockwood*, 361 F.2d 499, 504 (9th Cir. 1966). Rule 3:01 is reasonable and is applied evenhandedly.

█ The claim that is based upon the defendant law schools' alleged practice of impermissibly granting preferences to applicants from minority groups suffers from a fundamental defect. The affidavits clearly show that plaintiff would not have been admitted to any of the law schools even if no minority group members had been admitted. Since the undisputed facts show that the allegedly illegal conduct could not have caused plaintiff any injury, summary judgment was mandatory. *See Mount Healthy School Dist. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Henson v. University of Arkansas*, 519 F.2d 576 (8th Cir. 1975); *Bakke v. Regents of University of California*, 18 Cal.3d 34, 132 Cal.Rptr. 680, 553 P.2d 1152, 1172 (1976), *cert. granted*, 429 U.S. 1090, 97 S.Ct. 1098, 50 L.Ed.2d 535 (1977); *cf. Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). While plaintiff's claim under the antitrust laws seemingly suffers from the same defect, *see* 15 U.S.C. § 15, and may also be otherwise deficient since defendants' law school activities do not have "commercial objectives", *see Marjorie Webster Junior College, Inc. v. Middle States Ass'n*, 139 U.S.App.D.C. 217, 432 F.2d 650 (1970), *cert. denied*, 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970), the short answer to this contention is that plaintiff's affidavits fail to rebut defendants' affidavits' statements that there has been no contract, combination, conspiracy, or agreement under § 1 of the Sherman Act. Summary judgment thus was mandatory. *See* Fed.R.Civ.P. 56.

*Affirmed.*

---

* Of the Eastern District of New York, sitting by designation.