

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2007

# Onyiuke v. NJ Supreme Court

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3494

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Onyiuke v. NJ Supreme Court" (2007). *2007 Decisions*. Paper 915.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/915

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3494
_____

DAVID C. ONYIUKE,

Appellant

v.

NEW JERSEY STATE SUPREME COURT;
NEW JERSEY BOARD OF BAR EXAMINERS

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No.05-cv-05404)
District Judge: Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
April 24, 2007

Before: Barry, Chagares and Roth, <u>Circuit Judges</u>.

(Filed: June 19, 2007)

_____

OPINION
_____

PER CURIAM

      Appellant David C. Onyiuke, proceeding <u>pro</u> <u>se</u>, appeals from the District Court's

dismissal of, and denial of his motion for leave to amend, his first amended complaint.

For the reasons that follow, we will affirm in part and vacate in part.

Onyiuke is a United States citizen who received a Bachelor of Law degree from the University of Calabar, Nigeria, and a certification as a Barrister of Law from the Nigerian National Law School. He passed the New York State Bar examination in 2001 and was admitted to practice law in New York in 2002. In November 2004, Onyiuke applied to sit for the February 2005 New Jersey State Bar examination. In support of his application, Onyiuke submitted a complete transcript of law courses he had taken at the University of Calabar. His application was rejected on the ground that he had not matriculated from an ABA-accredited law school, as required by New Jersey Supreme Court Rule 1:24-2(b).[1] Onyiuke alleges that he wrote to the New Jersey Board of Bar Examiners ("the Board") requesting a more detailed explanation for the rejection of his application but did not receive one. In April 2005, Onyiuke applied to sit for the July 2005 Bar examination, but again his application was rejected.

Onyiuke then filed the instant lawsuit pursuant to 42 U.S.C. §1983, alleging that

---

[1]New Jersey Supreme Court Rule 1:24-2, entitled "Qualification for Admission to Examination," provides:

> No person shall be admitted to the bar examination without first presenting to the Board, in the manner prescribed by its rules:
> (a) Satisfactory evidence that the applicant is more than 18 years of age;
> (b) Certification by a duly authorized officer of the applicant's law school that it is approved by the American Bar Association and that it has awarded the applicant a Juris Doctor degree or its equivalent.
> (c) Satisfactory evidence that the applicant is a member of the bar in good standing in every other jurisdiction which has ever admitted the applicant to practice.

by applying Rule 1:24-2 to his application, the Board violated his right to due process and equal protection under the Fourteenth Amendment to the United States Constitution[2] and impinged on his right to engage in lawful economic subsistence as guaranteed by the Ninth Amendment to the United States Constitution.[3] Onyiuke further alleged several violations of New Jersey state law. He sought declaratory and injunctive relief, reasonable monetary damages, "all un-earned income as a New Jersey Attorney," attorney's fees and costs. Onyiuke then filed a first amended complaint, in which he purported to correct his citations to Rule 1:24-2(b).

In response, Appellees the New Jersey Supreme Court and the New Jersey Board of Bar Examiners moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), and in the alternative, 12(b)(6), arguing that the action was barred by sovereign immunity, that Appellees were not "persons" within the meaning of § 1983, and that Appellant failed to state a claim upon which relief could be granted, because Rule 1:24-2 does not violate the federal or state constitutions. While Appellees' motion to dismiss was pending, Onyiuke sought leave to amend his first amended complaint to name the Honorable Deborah T. Poritz, Chief Judge of the New Jersey Supreme Court, and

---

[2]Section 1 of the Fourteenth Amendment provides in relevant part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

[3]The Ninth Amendment provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

3

Stephen W. Townsend, Secretary of the New Jersey Board of Bar Examiners, as defendants.

In an opinion and order dated June 27, 2006, the United States District Court for the District of New Jersey granted Appellees' motion to dismiss and denied Appellant's motion for leave to amend. With respect to the motion to dismiss, the District Court held that Appellant's claims against the Supreme Court and the Board were barred by the Eleventh Amendment. See Edelman v. Jordan, 415 U.S. 651, 663 (1974); MCI Telecomm. Corp. v. Bell Atlantic Pennsylvania, 271 F.3d 491, 503 (3d Cir. 2001). While the Court noted the existence of an exception to the application of Eleventh Amendment immunity for suits against individual state officials for prospective relief to remedy an ongoing violation of federal law, see Ex Parte Young, 209 U.S. 123 (1908), it observed that the first amended complaint, as pleaded, named only State agencies, not individuals, and therefore this exception did not apply. The Court further held that any federal claims raised under 42 U.S.C. § 1983 must be dismissed because the parties named as defendants did not constitute "persons" within the meaning of the statute. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). Finally, the Court held that it would decline to exercise supplemental jurisdiction over appellant's remaining state law claims. See 28 U.S.C. § 1367(c). Accordingly, the Court granted Appellees' motion to dismiss.

With respect to Appellant's motion for leave to amend his amended complaint to add Chief Justice Poritz and Secretary Townsend as defendants, the Court held that any amendment would be futile because the second amended complaint would not be able to

4

withstand a motion to dismiss. See Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005). The Court held that while it was unclear in what capacity Appellant intended to sue Poritz and Townsend, to the extent he sought to sue them in their official capacities for prospective injunctive relief, his proposed second amended complaint failed to state a claim upon which relief could be granted.

With respect to Appellant's equal protection claims, the Court held that because no fundamental right or suspect classification is implicated by Rule 1:24-2(b), it need only survive rational basis review, which it clearly does. See Schumacher v. Nix, 965 F.2d 1262, 1269 (3d Cir. 1992). The Court then rejected Appellant's due process arguments, relying on two prior cases from the District of New Jersey which had rejected similar due process arguments as applied to analogous rules. See Potter v. New Jersey Supreme Court, 403 F. Supp. 1036, 1038 (D.N.J. 1975), aff'd, 546 F.2d 418 (3d Cir. 1976) (Table) (upholding rule requiring graduation from an ABA-accredited law school); Ostroff v. New Jersey Supreme Court, 415 F. Supp. 326, 329 (D.N.J. 1976) (upholding rule requiring graduation from an accredited college). Finally, the Court held that the Ninth Amendment does not provide an independent basis for asserting a civil rights claim; rather, a section 1983 claim must be premised on a specific constitutional guarantee. See Griswold v. Connecticut, 381 U.S. 479, 484 (1965); Zeller v. Donegal Sch. Dist. Bd. of Ed., 517 F.2d 600, 605 n.26 (3d Cir. 1975). As such, the Court denied Appellant's motion for leave to amend his first amended complaint as futile. See Hill, 411 F.3d at 134.

5

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We review the District Court's grant of Appellees' motion to dismiss de novo, see Alston v. Parker, 363 F.3d 229, 232-33 (3d Cir. 2004), and its denial of Appellant's motion for leave to amend his first amended complaint for abuse of discretion.  See Hill, 411 F.3d at 125.

After careful review of the record and the appellate briefs, we will affirm in part the judgment of the District Court for essentially the reasons set forth in its thorough opinion.  We agree with the District Court that it lacked subject matter jurisdiction over Appellant's first amended complaint and conclude that the District Court did not abuse its discretion in denying Appellant's motion for leave to amend.  We will briefly address a few of the issues raised by Appellant in his appellate brief.

First, Appellant claims that Rule 1:24-2 sets up an unconstitutional irrebuttable presumption that he is unqualified to sit for the bar exam which is so overinclusive as to violate his right to due process.  The District of New Jersey explicitly rejected this argument in Potter, holding that such a requirement does not constitute an unconstitutional presumption, but rather a "'substantive standard which operates as a condition precedent to the acceptance of every . . . application.'"  403 F. Supp. at 1039 (quoting Rossiter v. Law Comm'n, Civ. No. C-4767 (D. Colo. Aug. 26, 1975) (three-judge court)).  As the court continued: "'Were we to label these requirements as unconstitutional "presumptions" we would strip the . . . Supreme Court and the Board of Law Examiners of all authority to establish requirements for admission to the bar and abolish all semblance of objective criteria.'"  See id.

6

Appellant further argues that he "has never questioned the rationalization of adopting ABA's standard," but instead has maintained that his right to due process was violated by the failure of the Board to provide him with an individualized review or to adopt a comparable academic standard for those applicants matriculating from schools which have not been evaluated by the ABA (i.e., schools outside of the United States). As the courts have repeatedly held, states are accorded great deference in establishing standards for licensing professionals within their borders. See Schware v. Bd. of Bar Exam'rs, 353 U.S. 232, 239 (1957); Schumacher, 965 F.2d at 1269. Because the rule in question does not infringe on a fundamental right, it need only have a rational basis, which we agree that it does.

Finally, Appellant contests the District Court's dismissal of his first amended complaint with prejudice, arguing that the dismissal would bar him from raising the same claims in state court under the principles of res judicata. We have held that a dismissal of an action for lack of subject matter jurisdiction is not a decision on the merits; therefore such a dismissal should be without prejudice. See In re Orthopedic "Bone Screw" Prods. Liab. Litig., 132 F.3d 152, 155 (3d Cir. 1997) (citing Winslow v. Walters, 815 F.2d 1114, 1116 (7th Cir.1987) (holding that "a ruling granting a motion to dismiss for lack of subject matter jurisdiction is not on the merits; its res judicata effect is limited to the question of jurisdiction."); Verret v. Elliot Equip. Corp., 734 F.2d 235, 238 (5th Cir.1984) ("it would be inappropriate to enter any judgment on the merits when the dismissal is based on lack of subject matter jurisdiction")). To prevent the application of res judicata

7

in a state court action to the dismissal of the claims presented in the first amended complaint, we will remand to the District Court to amend its order so as to dismiss the first amended complaint without prejudice.

Accordingly, we will affirm the judgment of the District Court to the extent it dismissed the first amended complaint for lack of subject matter jurisdiction and denied Appellant leave to amend the first amended complaint. We will vacate the judgment to the extent that it dismisses the first amended complaint with prejudice and remand for further proceedings consistent with this opinion.