**APPLICATION of Anthony M. URIE, Laura Lyn Pond, Mary Jane Craviotto For admission to the Alaska Bar Association.**

Nos. 4392, 4526, 4608.

Supreme Court of Alaska.

Sept. 26, 1980.

Robert C. Erwin, Hagans, Smith, Brown, Erwin & Gibbs, Anchorage, for appellant Urie.

Laura Lyn Pond and Mary Jane Craviotto, in pro. per.

---

**8.** *Id.*

William W. Garrison, Anchorage, for Alaska Bar Ass'n.

S. Shepherd Tate and Frederick R. Franklin, Chicago, Ill., for amicus curiae American Bar Ass'n.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER,* BURKE and MATTHEWS, JJ.

CONNOR, Justice.

Alaska Bar Rule I–2, Sec. 1(b) makes graduation from a law school accredited by the American Bar Association a prerequisite for admission to the practice of law in Alaska.[1] The question presented in this consolidated appeals is whether Alaska Bar Rule I–2, Sec. 1(b), is a constitutionally valid and reasonable means for determining the fitness of those who seek to practice law in Alaska.

Anthony M. Urie is a graduate of Ventura College of Law, which is accredited by the State Bar of California, but is not accredited by the Council of Legal Education of the American Bar Association (hereinafter ABA), or the Association of American Law Schools (hereinafter AALS). Although Ventura College of Law was invited to apply for ABA approval, it has not done so. Urie petitioned the Alaska Bar Association, asking that the requirement of graduation from an accredited law school be waived. This petition was denied, and this appeal followed.

Laura Lyn Pond has been admitted to the practice of law in California, having passed that state's bar examination. She graduated from San Fernando Valley College of Law, which is accredited by the State Bar of California but is not accredited by the ABA or AALS. The school applied for ABA accreditation, but its application was denied because the school was found not to be in substantial compliance with ABA standards. Pond filed a request with the Alaska Bar Association that the accreditation requirement be waived. The request was denied. Pond then filed a petition in this court, which we have treated as an appeal.

Mary Jane Craviotto attended the University of Pacific McGeorge School of Law, an ABA accredited school, for one year but was excluded from further attendance due to academic disqualification. She graduated from Lincoln Law School of Sacramento, which is not accredited by the ABA, AALS, or the State Bar of California and she has been admitted to the practice of law in California. A year after Craviotto graduated, the school was given provisional accreditation by the State Bar of California, but it has not applied for accreditation by the ABA or AALS. Craviotto requested a waiver of the accreditation requirement, but this request was denied by the Alaska Bar Association, and this appeal followed.

Appellant Urie contends (1) that Alaska Bar Rule I–2, Sec. 1(b), creates an irrebuttable presumption which denies to him the equal protection of the laws; (2) that this bar rule violates his right to travel and his right to practice his chosen profession, and does not promote a compelling state interest; (3) that the refusal of the ABA to grant accreditation to profit making law schools has no rational basis, and thus his

---

* This case was submitted to the court for decision prior to Justice Boochever's resignation.

1. Alaska Bar Rule I -2, Sec. 1 provides:
"Every applicant for examination shall

. . . . .

(b) Be a graduate of a law school which was accredited or approved by the Council of Legal Education of the American Bar Association or the Association of American Law Schools when the applicant entered or graduated or submit proof that the law course required for graduation from such a law school will be completed and that a degree will be received as a matter of course before the date of examination. Graduates of law schools in which the principles of English Common Law are taught but which are located outside of the United States and beyond the jurisdiction of the American Bar Association and the Association of American Law Schools, may qualify for admission upon proof that the foreign law school from which they graduated meets the American Bar Association Council of Legal Education Standards for approval;"

fitness to practice law is determined by a requirement which is constitutionally invalid; (4) that a comparison of the ABA and California standards of accreditation reveals that the California standards are higher, and thus he should be considered qualified to take the Alaska bar examination. Appellants Pond and Craviotto set forth contentions which parallel those of appellant Urie.

■ It should be observed at the outset that a state has a substantial interest in regulating the practice of law within its boundaries, and that a state has broad power to establish standards for the licensing of legal practitioners. *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792, 95 S.Ct. 2004, 2015, 44 L.Ed.2d 572, 588 (1975). *See also In re Griffiths*, 413 U.S. 717, 722–23, 93 S.Ct. 2851, 2855, 37 L.Ed.2d 910, 916 (1973); *Schware v. Board of Bar Examiners*, 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796, 801–02 (1957); *In re Hansen*, 275 N.W.2d 790, 792–93 (Minn.1978), *appeal dismissed*, 441 U.S. 938, 99 S.Ct. 2154, 60 L.Ed.2d 1040 (1979).

We have previously held that the requirement of graduation from an accredited law school does have a rational connection with an applicant's fitness to practice law. *In re Stephenson*, 511 P.2d 136, 139 (Alaska 1973). The requirement of graduation from an ABA approved law school has repeatedly been upheld by state and federal courts against the contention that it violates the due process clause of the Fourteenth Amendment of the United States Constitution. *Kadans v. Collins*, 441 F.2d 657 (9th Cir. 1971), *appeal dismissed* and *cert. denied*, 404 U.S. 1007, 92 S.Ct. 672, 30 L.Ed.2d

656 (1972); *Hackin v. Lockwood*, 361 F.2d 499 (9th Cir.) *cert. denied*, 385 U.S. 960, 87 S.Ct. 396, 17 L.Ed.2d 305 (1966); *Henington v. State Board of Bar Examiners*, 60 N.M. 393, 291 P.2d 1108 (1956); *Rosenthal v. State Bar Examining Committee*, 116 Conn. 409, 165 A. 211 (1933); and *In re Hansen*, 275 N.W.2d 790 (Minn.1978).[2]

The ABA for many years has operated a comprehensive system of law school accreditation. It has established standards of accreditation and definite procedures for securing approval and for assuring continued compliance with the standards. It is obviously advantageous and reasonable that law school accreditation should be handled by this experienced, centralized body, as it is singularly equipped to perform a task which is beyond the capabilities of most state judiciaries. *See LaBossiere v. Florida Board of Bar Examiners*, 279 So.2d 288, 289 (Fla. 1973).

It is argued that the Alaska bar rule in question creates an "irrebuttable presumption" that an applicant from an unaccredited law school is not fitted to practice law, when in fact he may be more fitted than some applicants from accredited law schools. It is also argued that graduates of foreign law schools are permitted to show that the foreign law school meets the ABA standards for approval, and this results in discriminatory treatment of those who have attended an unaccredited law school in the United States.

In addition, it is contended that a recently enacted clerkship program authorizes taking the Alaska bar examination without graduation from an ABA–accredited law school, resulting in discrimination.[3] Since

---

**2.** *See also* the cases cited in *In re Hansen*, 275 N.W.2d at 793 94.

**3.** AS 08.08.207 provides in relevant part:

"*Law clerks.* (a) Every person who desires subsequently to qualify as a general applicant for admission to the Alaska Bar without having graduated from an approved law school shall register as a law clerk as provided by this section. He must be a bona fide resident of the state and shall present satisfactory proof that he has been granted a bachelor's degree (other than bachelor of

laws) by a college or university offering the degree on the basis of a four-year course of study and has successfully completed his first year of studies at a law school.

(b) The applicant shall obtain regular and full-time employment as a law clerk in the office of a judge of a court of record or an attorney or firm of attorneys licensed to practice law in Alaska and engaged in the general practice of law. The person by whom he is employed, or, if he is employed by a firm, the person under whose direction he is to study, must have been admitted to

the clerkship program has not yet been implemented, we do not reach the question of whether the right to take the examination by those completing that program results in impermissible discrimination.

In our view, to attack the bar rule requirement as creating an "irrebuttable presumption" adds nothing to an understanding of the problem. As we noted recently in *Hilbers v. Municipality of Anchorage*, 611 P.2d 31 (Alaska May 9, 1980), the irrebuttable presumption doctrine is of questionable vitality. Any matters to which the doctrine can be applied can be analyzed just as readily by using the flexible equal protection analysis which we have employed in *Isakson v. Rickey*, 550 P.2d 359, 362 (Alaska 1976), and *State v. Erickson*, 574 P.2d 1, 11–12 (Alaska 1978).[4]

In our view, the bar rule merely sets forth a general requirement which must be met by those seeking admission to the bar. We will, therefore, merely subject this bar rule to the scrutiny which it would normally be given under a conventional due process and equal protection analysis.

Under due process we will review the bar rule provision by considering three main factors: (1) the nature of the private interest affected, (2) the risk of erroneous deprivation of that interest by the procedures used, and the probable value, if any, of any additional or substitute procedural safeguards, and (3) the state's interest, including the fiscal and administrative burdens that additional or substitute procedural requirements would entail.[5]

■ The private interest affected is obviously that of one who seeks admission to

the practice of law. While there is some risk that a person could be deprived of the opportunity to practice law by reason of the bar rule, even though he is competent to practice law, we believe that such a risk is outweighed by the difficulty which would be presented by making a case–by–case determination of whether the education afforded by an unaccredited law school was comparable to that given by an accredited school. We have already noted the difficulty of employing such an alternative procedure.

The ABA system of accreditation is sophisticated and time–consuming.[6] We can think of no effective substitute which could be developed at the state level without diverting impractical amounts of manpower and money into such an inquiry. Given the strong state interest in assuring that those entering the practice of law have had suitable training in adequate institutions, and considering the precedent from other jurisdictions, we are of the opinion that the Alaska bar rule requirement is valid and does not violate the due process clause of either the Alaska Constitution or the United States Constitution.

In this connection, we note that requiring attendance at an ABA accredited law school is not a severe impediment to entry into the legal profession. According to the brief of the ABA as amicus curiae, in the last decade the number of approved schools increased from 137 to 168. The number of students therein increased from 63,000 to 121,600, which included 36,808 women. There are 16 ABA approved schools in California, with a total enrollment of over 14,-600 students.

practice law in this state for at least five years at the time the application for registration is filed, and be otherwise eligible to act as tutor."

**4.** As we observed in *Hilbers*, slip opinion, 13, n. 13, "any legislative classification creates a conclusive presumption of some sort with respect to excluded classes . . . ."

**5.** This is a paraphrase of the test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334–35, 96 S.Ct. 893, 902, 47 L.Ed.2d 18, 47 L.Ed.2d 18, 33 (1976), which we cited with approval in *City of Homer v. State Dept. of Natural Res.*, 566 P.2d

1314, 1319 (Alaska 1977), and *Hilbers v. Municipality of Anchorage*, at 36.

**6.** The scope of the system can be gleaned from the ABA publication, Approval of Law Schools, American Bar Association Standards and Rules of Procedure (1977). Not only must a school meet certain standards as to curriculum, faculty, admissions, library facilities, and physical plant, it must apply for accreditation and submit itself to physical inspection and evaluation by an accreditation committee.

Similarly, we do not find that the Alaska bar rule denies equal protection of the laws. The setting of minimum standards for the practice of law is the overall purpose of the rule. The requirement of graduation from an ABA approved law school does, for the reasons given earlier in this opinion, bear a fair and substantial relation to that purpose.[7] In this respect we hold that the rule is valid.

It is claimed that the education received at law schools accredited by California, but not the ABA, is the equivalent of that received at ABA accredited schools. We will not engage in an exhaustive comparison. Some of the differences are significant. The ABA requires that there be at least six full–time faculty members, plus a dean and law librarian. The California rules permit a law school to be operated entirely with a part–time faculty. The ABA requirements as to the faculty–student ratio, library holdings, and teaching load are significantly higher than those of California. We need not consider this contention further.[8]

We find no merit in the contention that the ABA uniformly refuses to accredit profit–making law schools. It is true that the relevant standard, Standard 202, did require at one time that a law school not be operated for private profit. But it appears that in 1977 the ABA granted a variance from its standards whereby any proprietary school, which could comply with the other standards, could receive accreditation.[9]

Lastly, we find no merit in the contention that the Alaska bar rule unconstitutionally infringes upon the right to travel. The rule does not distinguish between residents and nonresidents, and it does not set up a durational residency requirement. In our opinion the right to travel is simply not affected by the rule. *See Moore v. Supreme Court of South Carolina*, 447 F.Supp. 527, 530–31 (D.S.C.1977), *affirmed* 577 F.2d 735 (4th Cir.), *cert. denied*, 439 U.S. 984, 99 S.Ct. 574, 58 L.Ed.2d 655 (1978).[10]

We conclude that appellants' applications were properly denied. The denials are affirmed.

Fearing that we would uphold Alaska Bar Rule I–2, Sec. 1(b), petitioners have

---

7. *See State v. Erickson*, 574 P.2d 1, 12 (Alaska 1978) and *Isakson v. Rickey*, 550 P.2d 359, 363 (Alaska 1976). Since Alaska's equal protection analysis is more demanding than the federal "rational basis" test, there is, *a fortiori*, no violation of federal equal protection guarantees. We need not consider whether the Alaska bar rule meets the more demanding federal requirement of a "compelling state interest" because that standard is only applicable if the complainant is a member of a suspect class or the procedure at issue violates a fundamental right. Neither is the case here. *Schware v. Board of Bar Examiners*, 353 U.S. 232, 239, 77 S.Ct. 752, 1 L.Ed.2d 796, 801–02 (1957); *Santos v. Alaska Bar Ass'n*, 618 F.2d 575 (9th Cir. 1980); *Lombardi v. Tauro*, 470 F.2d 798, 800 n.4 (1st Cir. 1972), *cert. denied*, 412 U.S. 919, 93 S.Ct. 2734, 37 L.Ed.2d 145 (1973); *Moore v. Supreme Court of South Carolina*, 447 F.Supp. 527, 529–30 (D.S.C.1977), *aff'd*, 577 F.2d 735 (4th Cir.), *cert. denied*, 439 U.S. 984, 99 S.Ct. 574, 58 L.Ed.2d 655 (1978); *Murphy v. State Bd. of Law Examiners*, 429 F.Supp. 16, 18 (D.Pa.1977); *Ostroff v. New Jersey Supreme Court*, 415 F.Supp. 326, 328 (D.N.J.1975), *Potter v. New Jersey Supreme Court*, 403 F.Supp. 1036, 1038 (D.C.) *aff'd*, 546 F.2d 418 (3d Cir. 1976); *Huffman v. Montana Supreme Court*, 372 F.Supp. 1175, 1177

(D.Mont.1974), *aff'd*, 419 U.S. 995, 95 S.Ct. 216, 42 L.Ed.2d 172 (1974); *Lipman v. Van Zant*, 329 F.Supp. 391 (D.Miss.1971); *In re Hansen*, 275 N.W.2d 790, 793 (Minn.1978). *See also Younger v. Colorado State Board of Bar Examiners*, 625 F.2d 372 (10th Cir. 1980), reported in 49 U.S.L.W. 2081 (August 5, 1980).

8. If a school has not sought ABA approval, it is not readily ascertainable whether the school meets ABA minimum standards. A school which has applied for ABA accreditation and been rejected could hardly be said to meet an equivalency standard.

9. The Council of the ABA Section of Legal Education and Admissions to the Bar on February 12, 1977, adopted a resolution to that effect.

10. Appellant Urie argues that because he was a resident of Alaska before attending law school, Alaska Bar Rule I–2, Sec. 1(b), required that his travel outside of Alaska was limited to the location of a law school accredited by the ABA. But nothing restricted Urie's travel to any place for any purpose. Certainly the rule did not require the selection of an unaccredited law school as a condition of travel.

asked us to waive the requirements of that rule in their respective cases. While the power to waive rules governing admission to the bar can be implied from our authority to promulgate such rules, we decline to exercise that power here. Individualized waiver determinations would be extremely time consuming, financially burdensome, and would result in a heavy administrative burden being placed on the Alaska Bar Association and this court.

AFFIRMED.