**Tred EYERLY, Appellant,**

v.

**ALASKA BAR ASSOCIATION, Appellee.**

**No. 5362.**

Supreme Court of Alaska.

July 24, 1981.

Tred Eyerly, Bethel, pro se.

Marvin Frankel and John Lohff, Anchorage, for Alaska Bar Association.

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

OPINION

RABINOWITZ, Chief Justice.

In 1979, Tred Eyerly graduated from a law school which is not accredited by the American Bar Association [ABA] and was thereafter admitted to the California bar. Eyerly was subsequently hired by the Alaska Legal Services Corporation and has been practicing law in Bethel since December 1979, pursuant to Bar Rule 43.[1]

1. Alaska Bar R. 43 reads:

Section 1. *Eligibility.* A person not admitted to the practice of law in this state may receive permission to practice law in the state for a period of not more than two years if such person meets all of the following conditions:

(a) The person is an attorney in good standing, licensed to practice before the courts of another state, territory or the District of Columbia, or is eligible to be admitted to practice upon taking the oath of that state, territory or the District of Columbia;

(b) The person is employed by or associated with Alaska Legal Services Corporation on a full-time basis;

(c) The person has not failed the bar exam of this state.

Section 2. *Application.* Application for such permission shall be made as follows:

(a) The executive director of the Alaska Legal Services Corporation shall apply to the Board of Governors on behalf of a person eligible under Section 1;

(b) Application shall be made on forms approved by the Board of Governors;

(c) Proof shall be submitted with the application that the applicant is an attorney in good standing, licensed to practice before the courts of another state, territory or the District of Columbia, or is eligible to be admitted

Four months after Eyerly began working in Bethel he wrote to the Alaska Bar Association asking for a waiver of Bar Rule 2, which makes graduation from an ABA-accredited law school a condition for eligibility to take the Alaska bar examination. Alaska Bar R. 2, § 1(b). The Bar Association informed Eyerly that it did not have the authority to grant a waiver of the eligibility requirements set out in the Bar Rules and that it could not recommend to the supreme court that a waiver be granted, on the ground that the administrative burden of determining whether a waiver was warranted would be overly onerous.

Eyerly has appealed this decision, raising several constitutional arguments, most of which were rejected in *Application of Urie*, 617 P.2d 505 (Alaska 1980). In *Urie* the question presented was whether Alaska Bar Rule 2, § 1(b), which makes graduation from a law school accredited by the American Bar Association a prerequisite to admission to the practice of law in Alaska, is a constitutionally valid and reasonable means for determining the fitness of those who seek to practice law in Alaska. In upholding the constitutionality of the rule we noted that the state has a substantial interest in regulating the practice of law within its boundaries; that the state has broad powers to establish standards for the licensing of legal practitioners; and that the requirement of graduation from an accredited law school does have a rational connection with an applicant's fitness to practice law.[2]

Eyerly seeks to distinguish *Urie* on the basis of the fact that he has already been practicing law in Alaska since December 1979; this, he argues, leads to a different result under the three-part due process analysis utilized in *Urie*. This analysis runs as follows:

> Under due process we will review the bar rule provision by considering three main factors: (1) the nature of the private interest affected, (2) the risk of erroneous deprivation of that interest by the procedures used, and the probable value, if any, of any additional or substitute procedural safeguards, and (3) the state's interest, including the fiscal and administrative burdens that additional or substitute procedural requirements would entail.

*Id.* at 508 (footnote omitted).

Eyerly argues that the private interest affected in his case is one of continuing to practice law, rather than an interest in seeking initial admission to practice law; that the risk of erroneous deprivation, only hypothetical in *Urie*, is actual here, and well documented by letters of commendation from clients, attorneys and judges with whom and before whom he has practiced, which attest to his competence and fitness to practice law; and that the state's interest in assuring itself of a competent bar is sufficiently met by his record of competent practice. Eyerly also emphasizes that this situation is unique, as the Alaska Bar Association has proposed an amendment to Bar Rule 43 which would require graduation

to practice upon taking the oath of the state, territory or the District of Columbia.

Section 3. *Approval*. The Board of Governors shall consider the application as soon as practicable after it has been submitted. If the board finds that the applicant meets the requirements of Section 1 above, it shall grant the application and issue a waiver to allow the applicant to practice law before all courts of the state of Alaska. The Board of Governors may delegate the power to the executive director of the Bar Association to approve such applications and issue waivers, but the board shall review all waivers so issued at its regularly scheduled meetings.

Section 4. *Conditions*. A person granted such permission may practice law only as required in the course of representing clients

of Alaska Legal Services Corporation, and shall be subject to the provisions of Part II of these rules to the same extent as a member of the Alaska Bar Association. Such permission shall cease to be effective upon the failure of the person to pass the Alaska Bar examination.

2. *Application of Urie*, 617 P.2d 505, 507 (Alaska 1980). In this regard we also noted that:

The requirement of graduation from an ABA approved law school has repeatedly been upheld by state and federal courts against the contention that it violates the due process clause of the Fourteenth Amendment of the United States Constitution.

*Id.*

from an ABA-accredited school as a prerequisite to a Legal Services waiver.[3]

We find these factors unpersuasive. In *Urie* we emphasized the difficulty presented in making case-by-case determinations, such as that urged by Eyerly here.[4] Although Eyerly presents a stronger case than did the appellants in *Urie*, we rejected in that case the suggestion that the presumption that an applicant from an unaccredited law school is unfit to practice law was invalid because it was irrebuttable; *i. e.*, we recognized that in some cases the rule's operation may be counter-productive, but concluded that the possibility of such cases was outweighed by the difficulties presented by alternative approaches. Additionally, we think it of significance that at the time Eyerly obtained permission to practice law for Legal Services pursuant to Bar Rule 43, the Bar Rules explicitly provided that graduation from a law school accredited by the American Bar Association was a prerequisite to admission to the practice of law in Alaska.

Eyerly also urges this court to exercise its discretion to waive the rule. As we noted in *Urie*, "[i]ndividualized waiver determinations would be extremely time consuming, financially burdensome, and would result in a heavy administrative burden being placed on the Alaska Bar Association and this court."[5] We remain unwilling to embark on such a course at this time.

The decision of the Board of Governors is Affirmed.

3. Eyerly's arguments are premised on an assumption that Bar Rule 43 only allows one waiver for a two-year period to practice for Legal Services. He does not argue that Bar Rule 43 leaves open the possibility of obtaining subsequent grants of permission for additional two-year periods, and we note that Sections 1 and 4 of that rule appear to foreclose such a contention. *See* note 1 *supra*.

4. *Application of Urie*, 617 P.2d 505, 508 (Alaska 1980).

5. *Id.* at 510.