700 P.2d 194

**In the Matter of the Application By Colin L. ADAMS For a Waiver of or Exemption From Rule 8(b)(2) of the Rules Governing Bar Examiners, Bar Examinations and Admission to the Bar.**

**No. 15812.**

Supreme Court of New Mexico.

May 20, 1985.

Kemp, Smith, Duncan & Hammond, Thomas Smidt II, Albuquerque, Colin L. Adams, pro se, for petitioner.

Sarah M. Singleton, Santa Fe, for respondent Bd. of Bar Examiners.

## OPINION

FEDERICI, Chief Justice.

Colin L. Adams (petitioner) petitioned this Court requesting a waiver of, or exemption from, NMSA 1978, Bar Examiners Rule 8(b)(2) (Adv.Annot. April 1985). This section requires a New Mexico bar applicant to possess the following qualification:

(2) is a graduate with a juris doctor or bachelor of laws and letters degree (at the time of the bar examination for

which application is made) of a law school formally accredited by the American Bar Association or is a graduate of any law school who has been engaged in the practice of law in another state or states for at least four (4) of the six (6) years immediately preceding the person's application for admission to practice in New Mexico.

Petitioner is a barrister and solicitor in the Province of Alberta, Canada. He received the degree of Bachelor of Laws and Letters on June 2, 1981, from the Faculty of Law, University of Alberta. Foreign law schools are not accredited by the American Bar Association (ABA). Petitioner, therefore, is not a graduate of an ABA accredited law school, nor has he been admitted to practice in another state. He wishes nevertheless to take the New Mexico bar examination.

■■■ It is the ultimate responsibility of this Court to grant or deny the right to practice law in New Mexico. *Rask v. Board of Bar Examiners,* 75 N.M. 617, 409 P.2d 256 (1966). A state has a compelling interest in the calibre and integrity of persons which it allows to practice within its boundaries and may impose reasonable standards of qualification. *Suffling v. Bondurant,* 339 F.Supp. 257 (D.N.M.), *aff'd sub nom. Rose v. Bondurant,* 409 U.S. 1020, 93 S.Ct. 460, 34 L.Ed.2d 312 (1972). Any qualification imposed must be rationally related to an applicant's fitness or ability to practice law. *Schware v. Board of Bar Examiners,* 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957). This Court has previously held that the requirement of graduation from an ABA approved law school is reasonable and does not violate the equal protection or the due process clauses of the state and federal constitutions. *Henington v. State Board of Bar Examiners,* 60 N.M. 393, 291 P.2d 1108 (1956). *See also In re Application of Hansen,* 275 N.W.2d 790 (Minn.1978), *appeal dismissed,* 441 U.S. 938, 99 S.Ct. 2154, 60 L.Ed.2d 1040 (1979); *Petition of Batten,* 83 Nev. 265, 428 P.2d 195 (1967); *Wilson v. Board of Governors,* 90 Wash.2d 649, 585

P.2d 136 (1978), *cert. denied,* 440 U.S. 960, 99 S.Ct. 1503, 59 L.Ed.2d 774 (1979).

Petitioner does not contest the constitutionality or reasonableness of this requirement. He merely seeks to have it waived in his particular case. The question presented by this petition, therefore, is whether we should consider waivers of the ABA educational requirement on a case-by-case basis. We decline to do so for the following reasons.

The ABA system of accreditation is extensive and time-consuming. Schools are inspected and then reinspected on an ongoing basis. The ABA's expertise in this area is well recognized.

It has established standards of accreditation and definite procedures for securing approval and for assuring continued compliance with the standards. It is obviously advantageous and reasonable that law school accreditation should be handled by this experienced, centralized body, as it is singularly equipped to perform a task which is beyond the capabilities of most state judiciaries.

*Application of Urie,* 617 P.2d 505, 507 (Alaska 1980). It would be very difficult for this Court to determine whether the quality of education afforded by an unaccredited law school was comparable to that of an accredited one. This problem is further compounded when the unaccredited school is in a foreign country. We have neither the resources nor the expertise to evaluate such institutions.

As was stated by the Supreme Court of Alaska, "[i]ndividualized waiver determinations would be extremely time consuming, financially burdensome, and would result in a heavy administrative burden being placed on the * * * Bar Association and this court." *Id.* at 510. Every year this Court receives inquiries from foreign lawyers wishing to relocate and practice in New Mexico. We have received such inquiries from Canada, India, Australia, Bangladesh, Sri Lanka, and Hong Kong, to name a few. Although Canadian legal education more closely resembles our educational system, we nevertheless have no objective means to

evaluate the quality of an applicant's education.

■ It has been suggested that the bar examination alone should be sufficient to test petitioner's ability to practice law in New Mexico. Today's bar examination, however, is streamlined and objectified in recognition of the quality of the legal education provided by accredited law schools. P. Hay, *ABA–NCBE Joint Conference on Admission of Graduates of Foreign Law Schools* (Dec. 11, 1976). It tests minimal skills and is designed to be used in conjunction with the educational requirements in determining an applicant's qualifications. *Id.* The educational requirements, therefore, are an integral part of this two-pronged evaluation process.

■ Rule 8(b)(2) not only promotes the licensing of adequately trained attorneys, it also provides for a uniform and measurable standard by which to evaluate all applicants. *See LaBossiere v. Florida Board of Bar Examiners,* 279 So.2d 288 (Fla. 1973). Such uniformity better serves the fair administration of the rules for admission to the bar.

Rules for admission to the bar, are, of course, general in their specifications. They apply to classes of applicants and are drawn to meet normal conditions. They cannot very well be tailored to meet the special merits of individuals or of individual law schools. To require the Board of Governors to look into the individual qualifications and standards of every nonaccredited law school whenever a graduate from that school applies to take the bar examination, would be to impose upon the board an unreasonable burden. *Application of Schatz,* 80 Wash.2d 604, 609, 497 P.2d 153, 156 (1972).

■ We realize that petitioner wants very much to be in New Mexico and to take our bar examination. However, our rule does not provide for waiver and the rule should be applied uniformly rather than on a case-by-case basis. *See Rask v. Board of Bar Examiners,* 75 N.M. 617, 409 P.2d 256 (1966).

For the above stated reasons, petitioner's request for a waiver of Rule 8(b)(2) is denied.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, STOWERS and WALTERS, JJ., concur.