July 24, 1992

CLERK OF COURT
SUPREME COURT. CNMI
FILED

92 JUL 24 P 3: 1

BY: _____

### IN THE SUPREME COURT OF THE
### COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | BAR ADMISSION APPEAL NO. 92-001 |
| | ) | |
| RAYFORD T. BLANKENSHIP, | ) | OPINION |
| | ) | |
| Petitioner. | ) | |
| _____ | ) | |

Submitted July 22, 1992

BEFORE: BORJA, Justice; HILLBLOM and BELLAS, Special Judges

BORJA, Justice:

Blankenship appeals a decision of the Court denying his application for admission to practice law in the Commonwealth and sit for the July, 1992 general bar examination. For the reasons herein, we affirm the denial.

## I. FACTS

On January 14, 1992, appellant Rayford T. Blankenship (hereafter, "appellant"), sent via telecopy a letter requesting the required application forms to sit for the Commonwealth general bar examination and requesting "[f]urther, I would like for you to send me the rules that govern such." Shortly thereafter, on January 20, 1992, the Clerk of the Supreme Court (the "Clerk") sent appellant a packet of information which included a copy of the Commonwealth's Rules of Admission. Appellant thereafter filed his application to sit for the February, 1992 Commonwealth general bar examination.

On February 5, 1992, the Clerk returned appellant's

211

application because it was filed too late for the February examination and too early for the July examination. On May 12, 1992, and again on June 3, 1992, the Clerk, acting pursuant to appellant's requests, sent appellant copies of the Court's Rules of Admission. Rule of Admission No. 2(e) states that an applicant to the Commonwealth bar "[s]hall have graduated from a law school."

Appellant then submitted an application to sit for the July, 1992 general bar examination. The Court sent appellant a letter dated June 5, 1992, inquiring further as to appellant's background. The Court also sent a letter to appellant's law school alma mater, the University of San Gabriel Valley School of Law ("San Gabriel"), but it was returned to the Court by the U.S. Postal Service as undeliverable.

In a letter sent to appellant via telecopy on July 7, 1992, the Court informed appellant that his application to sit for the bar examination was denied.[1] The Court noted that under an applicable statute, 1 CMC Section 3602(c), an applicant must have graduated from a law school approved by the Supreme Court or one accredited by the American Bar Association (the "ABA") or the American Association of Law Schools (the "AALS"), and San Gabriel does not meet the requirements of 1 CMC Section 3602(c). Blankenship appeals the Court's denial of his application.

## II. ISSUES PRESENTED AND STANDARD OF REVIEW

On July 22, 1992, appellant timely filed his brief in support

---

[1] The investigation concerning appellant's application was conducted by Chief Justice Dela Cruz. The letter denying appellant's application was written by Justice Villagomez.

212

of his petition for reconsideration ("Brief") alleging the Court's denial of his application (1) was "arbitrary and capricious," (2) denies him "equal protection of the law," and (3) "is unconstitutional." Brief at 3-4. Whether the decision to deny appellant's application was a violation of equal protection or otherwise unconstitutional is an issue of law we review _de novo_. _Commonwealth v. Tinian Casino Gaming Control Commission_, No. 91-025 (N.M.I. May 12, 1992); _Dilutaoch v. C & S Concrete Block Products_, No. 90-016 (N.M.I. Feb. 1, 1991). We review actions which are alleged to be arbitrary and capricious under an abuse of discretion standard. _Commonwealth v. Oden_, No. 90-060 (N.M.I. July 6, 1992).

### III. ANALYSIS

Appellant's Brief provides virtually no discussion or analysis of the three issues he presents. Instead, appellant posits another argument. Appellant claims that he reasonably relied on the Rules of Admission as sent to him by the Clerk of Court which "does in fact create a contract" and therefore the Court is now equitably estopped from denying his application. Brief at 6.

Appellant incorrectly analogizes to the law of contract. An application to practice law is not an "offer." If it were, then the Court's written refusal to accept appellant's 'offer' would end this analysis. A disappointed offeror cannot sue the offeree for refusal to enter into a contract.

But estoppel does not sound only in contract. Estoppel is doctrine of law separate unto itself, and estoppel may be asserted if the facts and circumstances of a particular case warrant. See

213

Restatement (Second) of Torts Section 894 (1979); 28 Am.Jur.2d Estoppel and Waiver (West 1966).

The general rule is that estoppel is rarely applied against the government. Besl Corp. v. Public Utilities Comm., 341 N.E.2d 835 (Ohio 1976). However, estoppel may be applied against the government in certain circumstances, Lentz v. McMahon, 49 Cal.3d 393, 777 P.2d 83, 261 Cal.Rptr. 310 (Cal. 1989), such as where it is necessary to prevent manifest injustice. Yamada v. Natural Disaster Claims Comm., 513 P.2d 1001, 1006 (Hawaii 1973). Estoppel may be applied against the judicial branch. Greene v. State Farm Fire & Casualty Company, 224 Cal.App.3d 1583, 274 Cal.Rptr. 736 (Cal.App. 1990).

The doctrine of estoppel requires the presence of four elements: "(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury." Lentz v. McMahon, supra, 261 Cal.Rptr. at 312, quoting, City of Long Beach v. Mansell, 3 Cal.3d 462, 489, 476 P.2d 423, 91 Cal.Rptr. 23 (Cal. 1970).

Appellant requested, and the Clerk sent to appellant, "the rules that govern such [application to the bar]" -- a copy of the Rules of Admission. The Clerk did not send appellant a copy of the applicable statute, 1 CMC Section 3601-03. Even if appellant believed he qualified for admission to the Commonwealth bar based

214

on the information sent him by the Clerk, appellant's expectation cannot supersede the intent of the applicable statutes, 1 CMC Section 3601-03. These statutes are designed to protect the public from unsuitable practitioners. Estoppel will not be invoked against the government where it would defeat effective operation of policy adopted to protect the public. Chaplis v. County of Monterey, 97 Cal.App.3d 249, 158 Cal.Rptr. 395 (Cal.App. 1979).

Appellant's ignorance was not of the facts, but of the law governing admission to the Commonwealth bar. Appellant's ignorance of the law cannot support his purported reliance in light of the maxim that one is presumed to know the law. The fact that appellant's ignorance of the law allegedly arose from the information sent him by the Clerk does not alter the analysis. Rarely will estoppel lie for the omissions or negligence of a public official, Jeems Bayou Fishing & Hunting Club v. United States, 260 U.S. 561, 43 S.Ct. 205, 67 L.Ed. 402 (1923), unless the party seeking to estop the government establishes affirmative misconduct beyond mere negligence. In re: Howell, 120 B.R. 137 (9th Cir.BAP 1990).

Moreover, appellant did not rely on statements by or the conduct of the Court or its Clerk, but rather on his own assumptions, which were based on his ignorance or mistake of the law. Appellant assumed that he qualified to sit for the bar exam and 'relied' on his assumption. He did not rely on actual approval by the Court of his application; the Court denied his application. Regardless of the source of appellant's reliance, we believe

215

it was not to his detriment. As the U.S. Supreme Court has held, "the party claiming the estoppel must have relied on its adversary's conduct "in such a manner as to change his position for the worse."" Heckler v. Community Health Services of Crawford, 476 U.S. 51, 104 S.Ct. 2218, 2223, 81 L.Ed.2d 42 (1984), quoting, 3 J. Pomeroy, Equity Jurisprudence Section 805, p. 192 (S. Symons ed. 1941). Given that appellant graduated from law school almost 13 years ago, the fact that he may now have to wait another seven months to sit for a bar examination and, possibly, thereafter be duly certified as an attorney, hardly seems "detrimental." The mere delay and dashed expectations which appellant may have suffered are insufficient to gain him the estoppel he seeks.

Thus, given the facts and circumstances of this case, we find that the doctrine of equitable estoppel will not lie against the Court for its refusal to accept appellant's application. Furthermore, we fail to see how appellant's discussion of his reliance and the doctrine of estoppel relates to the three issues he presents in his Brief.

In Lucky Development Co., Ltd. v. Tokai, U.S.A., Inc., No. 91-003 (N.M.I. April 20, 1992), we held that we generally will dismiss issues that are not discussed and supported in a party's brief. As noted above, appellant does not discuss or analyze the issues he presents. For this reason, we treat those issues as being waived and no longer before the Court for decision. But even if appellant had properly presented the issues he raises, we note that federal and state courts have treated those issues in a manner that support

216

the Court's denial of appellant's application.

Denial of the Application was not "Arbitrary and Capricious"

The term "arbitrary and capricious" has been defined as:

> Characterization of a decision or action taken by an administrative agency or inferior court meaning willful and unreasonable action without consideration or in disregard of facts or without determining principle.[2]

The standard of review for an appeal alleging an arbitrary and capricious action is similar to, if not the same as, the abuse of discretion standard. A court will review an action or decision alleged to be arbitrary and capricious to determine whether the action was reasonable and based on information sufficient to support the decision at the time it was made.[3]

At the time the Court denied appellant's application, it had the following information at hand:

(A) appellant's application;

(B) a copy of appellant's law diploma dated October 5, 1979;

(C) an undated letter from J.R. Jones, Jr., Dean, stating that appellant had successfully completed the studies required for the degree of juris doctor;

(D) a letter from appellant dated June 15, 1992 responding to certain questions regarding his education and background asked by the Court in a letter dated June 5, 1992;

(E) a copy of the cover and pages 12 and 13 of a "Bulletin" published by San Gabriel;

---

[2] Black's Law Dictionary (5th ed. 1979). The U.S. Supreme Court has written, "[W]e recognize the importance of leaving States free to select their own bars, but it is equally important the state not exercise this power in an arbitrary or discriminatory manner. . ." Konigsberg v. State Bar of California, 353 U.S. 252, 273, 77 S.Ct. 722, 733, reh. denied, 354 U.S. 927, 77 S.Ct. 1374 (1957).

[3] Allegations of arbitrary or capricious are similar to "unreasonable" or "abuse of discretion," and "for judicial review purposes there is no practical difference among [these terms,] the basic idea of all of them being an excess of power, caprice, unreason, and lack of rational basis." 2 Am Jur 2d Administrative Law Section 651 (West 1962).

(F) a letter from the Court to Blankenship's alma mater which was returned marked by the U.S. Postal Service as "undeliverable as addressed -- forwarding order expired"; and

(G) certain information and statistics from the Committee of Bar Examiners of the State Bar of California dated June 9 and June 16, 1992.

The record contained ample facts on which to base a decision to deny Blankenship's application. Moreover, appellant was provided with the opportunity to submit additional information regarding San Gabriel and the Court even sought information directly from San Gabriel. Unsatisfied, the Court ruled against appellant's application. The Court's decision not to approve appellant's application was not arbitrary and capricious, unreasonable, or without a rational basis.

## The Denial of the Application did not Violate Equal Protection

Appellant states that the denial of his application denied him equal protection of the laws. The U.S. Supreme Court has held that "[a] state cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene Due Process or Equal Protection." Schware v. Board of Bar Examiners, 353 U.S. 232, 238, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957). However, a bar admission rule requiring graduation from an accredited law school does not violate equal protection (under the U.S. Constitution). Application of Urie, 617 P.2d 505, 509 (Alaska 1980). There is no constitutional right to practice law within a jurisdiction without compliance with its admission requirements. Leis v. Flynt, 439 U.S. 438, 443, 99 S.Ct. 698, 701, 58 L.Ed.2d 717 (1979); Application of Nort, supra, 605 P.2d at 634.

218

Traditional equal protection analysis under the U.S. Constitution scrutinizes laws which (a) affect a "suspect class," or (b) violate a fundamental right. Application of Urie, supra, 617 P.2d at 509 n. 7, citing Schware v. Board of Bar Examiners, supra, 353 U.S. at 239, 77 S.Ct. at 758. Appellant is not a member of a suspect class. Suspect classes are groupings based on factors such as race or national origin, not the educational institution which a person chooses to attend. Furthermore, the "right" to pursue a profession is not "fundamental" for the purposes of the Equal Protection Clause of the U.S. Constitution. Madrang v. Bermudes, 889 F.2d 251 (9th Cir.) reh. den., cert. den. 111 S.Ct. 54, 112 L.Ed.2d 29 (1989); New Hampshire Podiatric Med. Assn v. New Hampshire Hosp. Assn, 735 F.Supp. 448 (D.N.H. 1990).

Restrictions placed on admission to professions need only be rationally related to a legitimate state interest. Madrang v. Bermudes, supra, 889 F.2d at 253. Requiring that a law school be accredited by the ABA or the AALS or approved by the Supreme Court is rationally related to the Commonwealth's interest in maintaining the quality of legal services offered in this jurisdiction. Appellant has not been denied his right to equal protection.

The Denial of the Application was not otherwise Unconstitutional

Appellant's last issue presented is that the denial of his application was "unconstitutional." Appellant's Brief mentions the 14th Amendment to the U.S. Constitution without a discussion about how it supports his constitutional contentions.

If appellant meant that the denial of his application denied

219

him due process of law, he is incorrect. The Due Process Clause of the U.S. Constitution has been interpreted to guaranty bar applicants that they will not be denied the right to practice their profession in the several states for reasons that do not have a rational connection with their fitness or capacity as practitioners. Konigsberg v. State Bar of California, supra.

It also has been held, however, that an educational requirement that bar applicants have graduated from an accredited law school does not violate due process under either a state's constitution or the U.S. Constitution. Application of Urie, supra, 617 P.2d at 508. Another court found that a similar state bar educational requirement was not "arbitrary, capricious and unreasonable." Hackin v. Lockwood, 361 F.2d 499, 504 (9th Cir. 1966).

The denial of appellant's application is AFFIRMED.

Dated this 24th day of July, 1992, at Saipan, Commonwealth of the Northern Mariana Islands.

Jesus C. Borja
Justice

Larry Hillblom
Special Judge

Timothy H. Bellas
Special Judge