386

Christopher A. LaNAVE, Appellant,

v.

MINNESOTA SUPREME COURT, Peter S. Popovich, Glenn E. Kelley, Rosalie E. Wahl, M. Jeanne Coyne, Lawrence R. Yetka, John H. Simonett, Alexander M. Keith, all in their official capacities, Minnesota Board of Law Examiners, Richard H. Kyle, Margaret Fuller Corneille, Carl Baer, Catherine M. Warrick, Frank B. Wilderson, Isabel Gomez, Mary P. Walbran, Joseph P. Cade, John D. Kelly, Robert C. Swenson, all in their official capacities, Appellees.

No. 90-5055MN.

United States Court of Appeals, Eighth Circuit.

Submitted July 13, 1990.

Decided Sept. 28, 1990.

Christopher A. LaNave, pro se.

Catharine F. Haukedahl, St. Paul, Minn., appellees.

Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge and FAGG, Circuit Judge.

FAGG, Circuit Judge.

Christopher A. LaNave brought this action against the justices of the Minnesota Supreme Court and members of the Minnesota Board of Law Examiners (the board) challenging the constitutionality of rule II A(3) of the Rules of the Supreme Court for Admission to the Bar and the board's denial of a waiver of rule II A(3) under rule I B(6). The district court dismissed LaNave's claims that his constitutional rights had been violated and granted summary judgment in favor of the justices and board members on LaNave's claim that rule II A(3) is unconstitutional on its face. LaNave appeals, and we affirm.

LaNave attended law school, but was academically disqualified twice and never graduated. After working as a paralegal and law clerk for approximately four years, LaNave applied for admission to the Minnesota bar by examination. The board denied LaNave's application because he failed to comply with rule II A(3), which requires graduation from an accredited law school. After a hearing, the board also rejected LaNave's claim that the graduation re-quirement should be waived, finding his law school debt of $45,000 and practical experience did not constitute a "hardship or other compelling reason" justifying waiver under rule I B(6). *Cf. In re Dolan,* 445 N.W.2d 553, 556, 558 (Minn.1989) (en banc) (board waived accreditation requirement of rule II A(3) for applicant who had graduated from a nonaccredited law school, practiced law for thirty-three years, been admitted to the bars in several jurisdictions, and acquired apparent expertise in his field of practice).

LaNave filed a petition with the Minnesota Supreme Court challenging the constitutionality of rule II A(3) and seeking review of the board's denial of a waiver. The court denied LaNave's petition. LaNave then commenced this federal suit seeking damages as well as declaratory and injunctive relief.

The district court concluded the justices were absolutely immune on LaNave's claims for damages because they acted judicially and within their subject matter jurisdiction in denying LaNave relief. We agree. *See* Minn.Stat. § 481.01 (1988) (Minnesota Supreme Court and its appointed board of bar examiners has power to regulate admission to practice law in the state); *Childs v. Reynoldson,* 777 F.2d 1305, 1306 (8th Cir.1985) (per curiam) (court's exercise of judgment on individual petition is a judicial act). In addition, the board members were entitled to absolute quasi-judicial immunity because they acted on behalf of the court in administering the bar admission process. *See* Minn.Stat. § 481.01; *Childs,* 777 F.2d at 1306.

LaNave claims the justices and board members violated his rights under the fifth and fourteenth amendments by applying rule II A(3) to him or by denying him a waiver under rule I B(6). We agree with the district court's determination that it lacked subject matter jurisdiction over these claims. The United States district courts "do not have jurisdiction ... over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitution-

al. Review of those decisions may be had only in [the Supreme Court of the United States]." *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 1317, 75 L.Ed.2d 206 (1983).

■ LaNave also claims rule II A(3) is unconstitutional on its face because it creates a conclusive and irrebuttable presumption of incompetence that is not "necessarily or universally true in fact." LaNave asserts the strict scrutiny standard governs review of this rule. We disagree. Rule II A(3) is constitutional if it is "rational[ly] connect[ed] with [LaNave's] fitness or capacity to practice law." *Schware v. Board of Bar Examiners,* 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957). States have a compelling interest in the qualifications of the applicants they admit to practice law. *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 792, 95 S.Ct. 2004, 2015, 44 L.Ed.2d 572 (1975). The Minnesota Supreme Court has recognized that " '[n]o consideration is more critical in evaluating the qualifications of [ ] applicant[s] for admission to the bar than the quality and calibre of [their] legal education.' " *In re Hansen,* 275 N.W.2d 790, 794 (Minn. 1978) (citation omitted). We conclude rule II A(3) is " 'reasonably related to [Minnesota's] interest in seeing that those who hold themselves out to the public as attorneys at law, and thus as officers of the court, are properly qualified.' " *Id.* (citation omitted).

We have carefully considered LaNave's other claims and conclude they are without merit. Thus, we affirm the district court's order.