56 F.3d 69
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Edward G. PARTIN II, Appellant,
v.
ARKANSAS STATE BOARD OF LAW EXAMINERS, official capacity;
Christopher Thomas, Director of the State Board of
Law Examiners, official and individual
capacity, Appellees.
 No. 94-3678
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 23, 1995
Filed: Jun 2, 1995
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Edward G. Partin II appeals the district court's[1] order dismissing with prejudice his 42 U.S.C. Sec. 1983 action against the Arkansas State Board of Law Examiners (the Board) and its Director of Professional Programs, Christopher Thomas. We affirm.
 
 
 2
 Partin passed the February 1993 Arkansas bar examination. After a hearing, however, the Board denied Partin eligibility for admission to the bar based on deficient moral character. Partin filed this action claiming that defendants thereby violated his due process and equal protection rights. He requested damages and an injunction requiring the Board to certify him to the Arkansas Supreme Court.
 
 
 3
 The district court granted defendants' motion to dismiss, concluding that it lacked jurisdiction to review the Board's decision. The court also concluded that Partin's complaint failed to state an equal protection claim, and that the court should abstain from considering the due process claim because Partin's appeal of the Board's decision to the Arkansas Supreme Court was pending. Partin v. Arkansas State Bd. of Law Examiners, 863 F. Supp. 924 (E.D. Ark. 1994).
 
 
 4
 "Where the material facts are not in dispute, ... we review the district court's determination that it lacks jurisdiction de novo." Drevlow v. Lutheran Church, Mo. Synod, 991 F.2d 468, 470 (8th Cir. 1993) (footnote omitted).
 
 
 5
 Defendants in this case acted upon Partin's application pursuant to authority delegated by the Arkansas Supreme Court. See Rules Governing Admission to the Bar, Arkansas Rules of Court (Michie 1995). We agree with the district court that defendants' actions were essentially judicial in nature. Cf. LaNave v. Minnesota Supreme Court, 915 F.2d 386, 387 (8th Cir. 1990) (Board of Law Examiners entitled to absolute quasi-judicial immunity because they acted on behalf of state supreme court in administering bar admission process), cert. denied, 500 U.S. 923 (1991). We believe Partin's complaint challenged only the Board's ultimate decision in his individual case following the particular application to him of bar admission rules. Therefore, we also agree with the district court that it lacked jurisdiction to review the Board's actions in Partin's case. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983) (district courts lack jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional"); LaNave, 915 F.2d at 387-88 (no jurisdiction over portion of complaint alleging violation of due process rights by Board's refusal to waive rule requiring graduation from accredited law school); Nordgren v. Hafter, 789 F.2d 334, 336-37 (5th Cir. 1986) (per curiam) (Feldman precluded review of decisions by Mississippi Board of Bar Admissions); Thomas v. Kadish, 748 F.2d 276, 281-82 (5th Cir. 1984) (same, Texas Board of Law Examiners), cert. denied, 473 U.S. 907 (1985).
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas